Raymond S. BUTLER, Sr., Individually and dba Butler's Machine and Tool, Appellants,

v.

DAL TEX MACHINE & TOOL CO., INC., Appellee.

No. 18599.

Court of Appeals of Texas, Fort Worth.

Jan. 21, 1982.

Smith, Smith & Rake and Michael R. Rake, Fort Worth, for appellants.

Myles H. Pennington, Grand Prairie, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

This is an appeal from a default judgment. Dal Tex Machine and Tool Company, Inc. sued Raymond R. Butler, Sr. individually and d/b/a Butler Machine and Tool for liquidated and unliquidated damages and sequestration of tools and equipment which were in Butler's possession. Though duly served, Butler failed to appear or file an answer. Default judgment was rendered against him. Butler timely filed a motion for new trial and to set aside judgment which was subsequently overruled after full hearing. Butler appeals on one point of error in which he asserts that the trial court erred in overruling his motion.

We affirm the judgment.

The only question presented by this appeal is whether the trial court erred in overruling Butler's motion for new trial and to set aside judgment.

■ Since there are no findings of fact or conclusions of law, we must presume that the trial court made the findings necessary to support its order, if there is sufficient evidence to support such findings. *Lubbock Mfg. Co. v. Sames*, 575 S.W.2d 588 (Tex.Civ. App.—Beaumont, 1978, aff'd); *Brazos Valley Harvestore Systems, Inc. v. Beavers*, 535 S.W.2d 797 (Tex.Civ.App.—Tyler 1976, writ dism'd).

The applicable rule to motions for new trial which seeks to set aside default judgments is stated in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), as follows:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

See also *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966).

■ When a motion for new trial and to set aside a default judgment is filed within the time allowed for the filing of motions for trial, it is addressed to the sound discretion of the court, and such action of the trial court will be overturned only on a showing of an abuse of discretion. *Republic Bankers Life Insurance Company v. Dixon*, 469 S.W.2d 646 (Tex.Civ.App.—Tyler 1971, no writ). However, as recognized by the El Paso Court of Civil Appeals in *Hughes v. Jones*, 543 S.W.2d 885, 887 (Tex. Civ.App.—El Paso 1976, no writ):

"All recent opinions indicate that the trial Court's (sic) discretion, concerning the granting of the new trial, should be exercised liberally where there is any showing that the defendant has not intentionally or with conscious indifference ignored his obligation to answer or to appear." (Citations omitted.)

Butler stated in his motion for new trial that his failure to file an answer was not intentional or the result of conscious indifference on his part. He stated both in his motion and affidavit, as well as during his testimony at the hearing, that he did not understand the citation and that he believed that he would be notified at a later date of a court date.

A party who has been duly served with citation to appear and defend a cause asserted against him may not relieve himself of the burden of the judgment rendered unless he thoroughly demonstrates that his failure to answer was not intentional nor due to his own conscious indifference. *Stark v. Nationwide Financial Corp.*, 610 S.W.2d 193 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Harris v. Lebow*, 363 S.W.2d 184 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.). It has been held that the reason for not timely filing an answer need only be a "slight excuse". *Cadena v. Dicker*, 383 S.W.2d 73 (Tex.Civ.App.—Dallas 1964, no writ).

Butler had the burden of clearly demonstrating that he was free of negligence or of conscious indifference. Butler admitted that he received the citation and that he read it, but claims that he did not understand that it required him to file a written answer. It is presumed that the citation complied with Tex.R.Civ.P. 101 which provides in part:

"The citation shall be styled 'The State of Texas' and shall be directed to the defendant and shall command him to appear by filing a written answer to the plaintiff's petition at or before 10 o'clock a. m. of the Monday next after the expiration of 20 days after the date of service thereof, stating the place of holding the court. It shall state the date of the filing of the petition, its file number and the style of the case, and the date of issuance of the citation, be signed and sealed by the clerk, and shall be accompanied by a copy of plaintiff's petition."

Butler testified that he did not understand what he had read and that he put the papers on his desk and did nothing further until he received notice of the default judgment at which time he consulted with an attorney. Butler further testified that he had a conversation with the constable when he served the papers and that the constable advised him to get an attorney. There is no evidence that Butler tried in any way to get help in understanding the citation, if indeed he did not understand it.

We find in the record before us ample evidence to support the implied finding by the trial court, whose duty it is to weigh the evidence, that the failure to file an answer was the result of negligence and a conscious indifference on the part of Butler.

It is unnecessary for us to consider whether Butler met the other requisites set forth in *Craddock v. Sunshine Bus Lines, supra,* because Butler has failed to establish the essential requirement that his failure to file an answer in this suit was not intentional or was not the result of conscious indifference on his part.

We hold that the trial court was justified in refusing to grant a new trial.

We hold under the record in this case that the trial court did not abuse its discretion in failing to grant Butler's motion for new trial.

Judgment of the trial court is affirmed.