**Ronald JOHNSON, Appellant,**

v.

**Charles EDMONDS, Appellee.**

No. 2–86–001–CV.

Court of Appeals of Texas, Fort Worth.

July 23, 1986.

Law Offices of Jim Claunch and Lonnie Max Obeidin, Fort Worth, for appellant.

Steve Stasio, Fort Worth, for appellee.

Before JOE SPURLOCK, II, FARRIS and HUGHES (Retired, Sitting by Assignment), JJ.

## OPINION

FARRIS, Justice.

This is an appeal from a default judgment in a suit for the recovery of a referral fee and attorneys' fees brought by Charles Edmonds against Ronald Johnson. The sole point of error is that the trial court abused its discretion in failing to grant a new trial to the appellant.

We affirm.

The facts relevant to the sole point of error are undisputed. Suit against the appellant was filed by the appellee on August 14, 1985, and a citation with a copy of plaintiff's original petition was served upon the appellant on August 15, 1985. The return of citation was filed on August 27, 1985, and on October 10, 1985, default judgment was entered against the appellant. On November 1, 1985, appellant filed motion for new trial, and after hearing, the trial court overruled appellant's motion and entered findings of fact and conclusions of law.

Appellant contends that he failed to timely answer because he did not understand the nature of the citation served upon him, and that his misunderstanding was a mistake rather than conscious indifference. The appellant testified that he understood the "papers" which were served upon him to be some indication that he was going to be sued rather than notice that he had been sued. Appellant acknowledged that he had previously received a demand letter from the appellee's attorney, the citation was personally served upon him by someone whom he understood to be a constable, and he read the "papers" served upon him. However, he denied reading that part of the citation requiring him to timely answer the plaintiff's petition. Appellant is capable of reading English, has four years of college education, and had engaged in the construction business for seven years.

The rule applicable to motions for new trial which seek to set aside default judgments is stated in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). In order for a default judgment to be set aside and a new trial granted, the defendant must demonstrate that his failure to appear was not intentional or the result of conscious indifference, but rather due to accident or mistake; the motion for new trial must set up a meritorious defense; and the motion must show that the granting of the new trial will cause no delay or injury to the plaintiff. Whether to grant a new trial after a default judgment lies within the discretion of the trial court. *Id.* See also *Folsom Investments, Inc. v. Troutz*, 632 S.W.2d 872, 874 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.); *Muenster Mfg. Co. v. Muenster Industrial Found.*, 426 S.W.2d 909, 912 (Tex.Civ.App.—Fort Worth 1968, no writ).

A motion for new trial to set aside a default judgment is addressed to the sound discretion of the trial court and will only be overturned upon a showing of an abuse of discretion. *Butler v. Dal Tex Mach. & Tool Co., Inc.*, 627 S.W.2d 258, 259 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.). The facts before this court are substantially the same as those before the court in the *Butler* case. In *Butler*, the defendant admitted that he received and read the citation but claimed that he did not understand it and that he put the citation on his desk and did nothing further until he received notice of the default judgment. *Id.* at 260.

In this case the appellant summarizes his testimony by admitting that after he received the "papers" from the constable, he read and filed them. The rule as expressed in *Craddock*, 133 S.W.2d at 126, requires the appellant to demonstrate that his failure to appear was not intentional *or the result of conscious indifference.* If the term conscious indifference, as used in the cases, means anything, it must mean something other than an intentional failure to appear. We interpret conscious indifference to mean a failure to take some action which would seem indicated to a person of

reasonable sensibilities under the same circumstances. In this case, the appellant neither sought help nor advice nor made inquiry about the import of the "papers" he had received. We find that such acts are evidence of conscious indifference sufficient to support the finding of the trial court.

It is unnecessary for us to consider whether the appellant met the other requisites set forth in *Craddock* because he has failed to establish that his failure to appear was not the result of conscious indifference on his part.

We hold that the trial court did not abuse its discretion in failure to grant appellant's motion for new trial. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.