Michael Anthony BECK d/b/a Metro Auto Brokerage & Referral Services, Appellant,

v.

Henry PALACIOS & Elizabeth Palacios, Individually and as Husband and Wife, Appellees.

No. B14–90–869–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 11, 1991.

Mack J. Travers, David C. Klosterboer, Houston, for appellant.

Daniel C. Graney, Houston, for appellees.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

A default judgment was granted in a deceptive trade practices action. A motion for new trial was overruled by operation of law. Appellant brings four points of error. We affirm.

Appellees brought suit for deceptive trade practices, breach of warranty, breach of contract and common law misrepresentation against appellants, MFC Finance Company of Texas and Champion Ford, Inc. MFC Finance Company of Texas Inc. and Champion Ford, Inc. were dismissed after settling with the appellees. Appellant was served notice of the claim by letter sent certified mail, dated December 6, 1989. He was also served with citation and copy of appellees' original petition under the name of "Tony Beck d/b/a Metro Auto Brokerage & Referral Services" on February 17, 1990. Upon learning that appellant's true and correct name was "Michael Anthony Beck", appellees amended their petition to correct the name. Appellant was served with the amended petition on March 6. Appellant failed to respond to appellees' demand letter and failed to answer either appellees' original or amended petitions.

On April 27, the trial judge signed an interlocutory default judgment which was accompanied by a Certificate of Last Known Mailing Address. On May 31, after a hearing on damages, a final default judgment was entered against appellant. There is no record of the May 31, 1990 hearing presented on appeal. On June 29, appellant filed his motion for new trial supported by his affidavit in which he alleged that his failure to file an answer was due to his mistaken impression that service of the amended petition acted to dismiss him from the lawsuit. Appellant further alleged that he had been "negotiating" with appellees' attorney, and was under the impression that the parties had all settled their differences. Appellees' response denies that there were settlement negotiations with appellant. The motion for new trial was heard on July 11. No order was signed and no findings of fact and conclusions of law were made. Appellant's motion was overruled by operation of law on August 14.

In his first, second and third points of error, appellant alleges that the trial court abused its discretion in denying his motion for new trial. Appellant argues that this motion met all of the requirements in *Craddock v. Sunshine Buslines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (Tex.Comm.'n App.—1939). He also argues that appellees offered no competent evidence to controvert the facts alleged in his motion and affidavit. Appellant's contentions are without merit.

■ The standard for granting a motion for new trial and setting aside a default judgment was established ago by the Texas Supreme Court in *Craddock, supra.* *Craddock* requires that the defendant must demonstrate that: (1) his failure to answer was not intentional or the result of conscious indifference, but rather due to an accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) the motion must show that the granting of a new trial will cause no delay or injury to the plaintiff. 134 Tex. at 393, 133 S.W.2d at 126.

■ The granting or denial of a motion for new trial is within the sound discretion of the trial court, and such discretion will not be disturbed on appeal absent a showing of abuse. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). While trial courts have discretion, they are also governed by equitable principles. They are not granted unbridled discretion to decide cases as they choose without reference to any guiding rule or principle. *Craddock,* 133 S.W.2d at 126.

■ The first *Craddock* requirement is applied liberally and each case depends on its own facts. *Gotcher v. Barnett,* 757 S.W.2d 398, 401 (Tex.App.—Houston [14th Dist.] 1988, no writ). Negligence alone will not preclude the setting aside of a default judgment. Absent a record of an evidentiary hearing, only appellant's motion and affidavit and appellees response thereto will be considered in determining whether the first requirement was met. *Strackbein,* 671 S.W.2d at 38; *Ward v. Nava,* 488 S.W.2d 736, 737 (Tex.1972).

■ Conscious indifference is a failure to take some action which would seem indicated to a person of reasonable sensibility under the same or similar circumstances. *Johnson v. Edmonds,* 712 S.W.2d 651, 653 (Tex.App.—Fort Worth 1986, no writ). In *Johnson,* the defendant failed to answer because he allegedly did not understand the nature of the citation served upon him, and he simply read the "papers" and filed them. *Id.* The *Johnson* court held that such an act amounted to conscious indifference. *Id.* at 653. In *First Nat'l Bank v.* *Peterson,* 709 S.W.2d 276 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.), this court held that the defendant bank's failure to take any action after receiving a writ of garnishment was either intentional or the result of conscious indifference. In *State Farm Life Ins. Co v. Mosharaf,* 794 S.W.2d 578 (Tex.App.—Houston [1st Dist.] 1990, writ denied), the First Court of Appeals distinguished those cases where the defaulting defendant took some form of action that resulted in accidental loss or misplacement of the papers which had been served from those cases where the defendant took no action whatsoever after service. The court cited a line of cases where mistakes virtually identical to those of the defendant in *Mosharaf,* all resulting in a failure to answer, have repeatedly been excused under *Craddock* as not being the result of conscious indifference or of bad faith. *Id.* at 582. The *Mosharaf* court distinguished *Johnson* and *Peterson* from the facts before it because "[b]oth cases, *Johnson* and *Peterson* involved inaction by the defendant after service, and are distinguishable from cases where a defendant took actions that resulted in accidental loss or misplacement of suit papers after service." *Id.* at 583.

Here, appellant alleges in his affidavit the following excuses for failing to file an answer:

Based upon my conversations with the process server, I was of the opinion that because the petition had been amended I was no longer a party. Therefore, I did not forward the papers to my attorney, nor did I answer in my own behalf. Furthermore, I had been negotiating with Daniel C. Graney, attorney for the plaintiff's, and was under the impression that the parties to the lawsuit had settled their differences.

This amounts to an admission that he took no action whatsoever after service because of his "opinion" or "impression" that the suit had been dismissed against him, and he was not required to file an answer. Appellant was served with citation on two occasions and also notified of the interlocutory default judgment. The trial court did

not abuse its discretion in determining that the failure of the defendant to file an answer was the result of conscious indifference or intentional disregard. *See Sunrizon Homes, Inc. v. Fuller,* 747 S.W.2d 530, 533 (Tex.App.—San Antonio 1988, writ denied).

 Appellant argues that he established a meritorious defense. His motion must allege facts which would constitute a defense in law and must be supported by affidavits or other evidences showing prima facie proof that the defendant has a meritorious defense. *Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966); *Siegler v. Williams,* 658 S.W.2d 236, 239 (Tex.App.—Houston [1st Dist.] 1983, no writ).

Appellant's alleged meritorious defenses are the "breach of condition precedent, acts or omissions of third parties together with the plaintiffs' inability to qualify for financing together with certain defenses to eliminate or least mitigate the damages claimed by the plaintiffs." No facts are alleged to support there alleged defenses. Mere allegations of legal conclusions are insufficient to raise a meritorious defense. *Boulware v. Security State Bank,* 598 S.W.2d 687, 689 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). Where the defendant has failed to allege facts supporting an element of its meritorious defense, the motion for new trial may be overruled. *See The Moving Co. v. Whitten,* 717 S.W.2d 117, 120 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

The trial court did not abuse its discretion. Appellant's first, second and third points are overruled.

 In his fourth point of error, appellant alleges that the trial court erred in denying appellant's motion for new trial because there was insufficient evidence to prove the damages awarded. Appellant offers no argument or authority in support of this point of error. Additionally, appellant failed to request and file a statement of facts timely. Therefore, there is no record of the default judgment proceeding in which damages were proved. Without a record there is nothing to review. *A.T. Lowry Toyota, Inc. v. Peters,* 727 S.W.2d 307 (Tex.App.—Houston [1st Dist.] 1987,

no writ). Appellant's fourth point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.