NO. 12-01-00361-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




JERRY W. THOMAS,
§
 APPEAL FROM THE 294TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


BOBBY D. ASSOCIATES, AN OHIO

GENERAL PARTNERSHIP, §
 VAN ZANDT COUNTY, TEXAS

APPELLEE






PER CURIAM


 Jerry W. Thomas ("Thomas") appeals the trial court's order overruling his motion for new
trial. Thomas raises one issue on appeal. We affirm.


Background

 Bobby D. Associates, an Ohio general partnership ("BDA") filed the instant lawsuit against
Thomas alleging breach of contract. According to the return of service, Thomas was served with the
petition and citation on June 10, 2000, but failed to answer. As a result, the trial court entered a
default judgment against Thomas on August 29, 2001. Thomas filed a motion for new trial on
September 27, 2001. As part of his motion for new trial, Thomas presented affidavit testimony that
(1) he was never aware that he had been served with a citation, (2) the lawsuit was never given to
him to read or review, (3) he had no knowledge that the case was filed against him, (4) he is not a
lawyer and did not know he was supposed to file an answer, and (5) he has no memory of receiving
a citation which stated that he was supposed to file an answer. BDA responded and a hearing was
conducted on the matter. At the conclusion of the hearing, the trial court overruled Thomas's motion
for new trial. The trial court made no findings of fact or conclusions of law.


Standard of Review

 When a motion for new trial is timely filed, it is addressed to the sound discretion of the trial
court, and will be overturned only on a showing of an abuse of discretion. See Butler v. Dal Tex
Machine & Tool Co., Inc., 627 S.W.2d 258, 259 (Tex. App.- Fort Worth 1982, no writ); Republic
Bankers Life Insurance Company v. Dixon, 469 S.W.2d 646, 648 (Tex. Civ. App.- Tyler 1971, no
writ). Absent findings of fact and conclusions of law, the court of appeals must presume that the
trial court made findings necessary to support its order if there is sufficient evidence to support such
findings. See Butler, 627 S.W.2d at 259; Brazos Valley Harvestore Systems, Inc. v. Beavers, 535
S.W.2d 797, 800-01 (Tex. Civ. App.- Tyler 1976, writ dism'd). Where there is some evidence
tending to support the trial court's conclusions, the trial court does not abuse its discretion in
refusing to set aside the default judgment. See Folsom Investments, Inc. v. Troutz, 632 S.W.2d 872,
874 (Tex. App.- Fort Worth 1982, writ ref'd n.r.e.). Ultimately, the trial court is the judge of the
credibility of the witnesses and may determine the weight given to their testimony. See Gilbert v.
Brownell Electro, 832 S.W.2d 143, 144 (Tex. App.- Tyler 1992, no writ).


Motion For New Trial Under The Craddock Standard In his sole issue, Thomas argues that the denial of his motion for new trial was improper. 
A default judgment should be set aside and a new trial ordered in any case in which (1) the failure
of the defendant to answer before judgment was not intentional, or the result of conscious
indifference on his part, but was due to a mistake or an accident, (2) provided the motion for a new
trial sets up a meritorious defense, and (3) is filed at a time when the granting thereof will occasion
no delay or otherwise work an injury to the plaintiff. See Craddock v. Sunshine Bus Lines, 133
S.W.2d 124 (Tex. Comm'n App.- 1939, no writ). 

 In the instant case, the record reflects that Thomas was served with citation, which, as
required by Texas Rule of Civil Procedure 99, informed Thomas that he had been sued, that he could
employ an attorney, and that if he did not file an answer by 10:00 a.m. on the first Monday following
twenty days after the date he was served, a default judgment could be taken against him. In the
affidavit attached to his motion for new trial, Thomas states that (1) he was never aware that he had
been served with a citation, (2) the lawsuit was never given to him to read or review, (3) he had no
knowledge that the case was filed against him, (4) he is not a lawyer and did not know he was
supposed to file an answer, and (5) he has no memory of receiving a citation which stated that he was
supposed to file an answer.

 In support of his contention that his failure to file an answer was an accident or mistake,
Thomas cites Ward v. Nava, 488 S.W.2d 736, 738 (Tex. 1973), in which the Texas Supreme Court
held that the facts of that case satisfied the first prong of the Craddock test. In Ward, the defendant
received a telephone call prompting him to search for and locate the citation. See Ward, 488 S.W.2d
at 738. The record in Ward reflected that the citation was found the day before the entry of the
default judgment and was turned over to Ward's insurance agent, who immediately contacted the
attorney the day after the entry of the default judgment. Id. Here, there is no evidence that Thomas
made any effort to seek help or advice, or otherwise make inquiry about the import of the papers he
had received. For such reasons, we conclude that Ward is distinguishable from the present case.

 The facts in the instant case are more closely analogous to the facts of Johnson v. Edmonds,
712 S.W.2d 651 (Tex. App.- Fort Worth 1986, no writ). In Johnson, the defendant was served with
citation and a return of service was filed with the trial court. Id. at 652. The defendant contended
that he failed to timely answer because he did not understand the nature of the citation served upon
him. Id. Noting that the defendant neither sought help nor advice nor made inquiry about the import
of the papers he had received, the trial court concluded that such acts were evidence of conscious
indifference sufficient to support the trial court's order overruling the defendant's motion for new
trial. Id. at 653; see also Butler, 627 S.W.2d at 259.

 In the instant case, the return of service evidences that Thomas was served with citation. We
note that Thomas's statements in his affidavit are contradictory as, in one instance, he denies being
served with citation, but in another, states that he cannot remember being served with citation. 
Ultimately, whether Thomas denies that he was served with citation or cannot remember is not for
us to decide. We emphasize that the trial court is the judge of the credibility of the witnesses and
may determine the weight given to their testimony. See Gilbert, 832 S.W.2d at 144. The trial court
may choose to believe all, none or part of a witness's testimony. Id. Thus, we conclude that there
was evidence to permit the trial court to find that Thomas's failure to answer before judgment was
the result of conscious indifference on his part and was not due to a mistake or an accident. 
Accordingly, we hold that the trial court did not abuse its discretion in overruling Thomas's motion
for new trial. Thomas's sole issue is overruled. (1)

 The trial court's order overruling Thomas's motion for new trial is affirmed.


Opinion delivered June 28, 2002.

Panel consisted of Worthen, J., and Griffith, J.

























(DO NOT PUBLISH)
1. Since we have concluded that Thomas did not satisfy the first prong of the Craddock test, we need not
consider the second two prongs of the test.