TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00517-CV






John Joseph Simmons, Appellant


v.


Sandra Pamela Simmons, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT

NO. 189,988-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Appellee Sandra Pamela Simmons sued appellant John Joseph Simmons for divorce. 
When John failed to answer or appear, the trial court granted Sandra a default judgment. John timely
filed a motion for new trial, which the trial court denied. He now appeals, by four issues, arguing
that the trial court erred in denying him a new trial. We will reverse and remand.


BACKGROUND

 John and Sandra Simmons were married on February 14, 1998. The couple had no
children. Sandra filed for divorce on January 4, 2002. On April 19, John was served by citation; he
was incarcerated at the time in the Texas Department of Corrections, Institutional Division. John
failed to file an answer, and on May 24, 2002, the trial court rendered a default judgment, by which
it granted a divorce and divided the couple's property. On June 21, John filed a motion for new trial. 
In his motion, John claimed that upon being served with the divorce petition, he contacted the
attorney who had been representing him on his criminal matter and informed him of the divorce case. 
The attorney sent John a "pro se, pre-printed form" to file as his answer. John filled out the form
and mailed it back to his attorney for filing. John was not aware that he was supposed to file the
answer with the court clerk, and apparently, the attorney did not file the answer on John's behalf. 
The trial court denied John's motion for new trial in an order dated July 11, 2002. John also
requested and the trial court filed findings of fact and conclusions of law. 


DISCUSSION

 By his third issue, John argues that the trial court erred in failing to grant his motion
for new trial; he contends he satisfied all of the Craddock requirements for a new trial. See
Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939). The Craddock test is well-established: A default judgment should be set aside and a new trial ordered in any case in which



 the failure of the defendant to answer before judgment was not intentional, or
the result of conscious indifference on his part, but was due to a mistake or an
accident;

 provided the motion for a new trial sets up a meritorious defense and 

 is filed at a time when the granting thereof will occasion no delay or otherwise
work an injury to the plaintiff.




Id. at 126. The disposition of a motion for new trial is within the trial court's sound discretion; we
will not disturb the court's ruling absent an abuse of that discretion. Director, State Employees
Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994). A trial court abuses its discretion,
however, by failing to grant a new trial when all three elements of the Craddock test are met. Id.


Failure to Answer

 To be entitled to a new trial, John first had to establish that his failure to answer was
not intentional or the result of conscious indifference. Conscious indifference means failing to take
some action that would seem obvious to a reasonable person under the same circumstances. State
v. Sledge, 982 S.W.2d 911, 914 (Tex. App.--Houston [14th Dist.] 1998, no pet.); Johnson v.
Edmonds, 712 S.W.2d 651, 652-53 (Tex. App.--Fort Worth 1986, no writ). A failure to appear is
not intentional or due to conscious indifference merely because it was deliberate or the result of
negligence; it must be without adequate justification. Smith v. Babcock & Wilcox Constr. Co., 913
S.W.2d 467, 468 (Tex. 1995). The controlling factor under this analysis is the absence of a
purposeful or bad faith failure to appear. Craddock, 133 S.W.2d at 125-26. Accordingly, the
defaulting party must provide "[s]ome excuse, but not necessarily a good excuse" for failing to
appear. Id. at 125. Even a slight excuse may justify a new trial. Gotcher v. Barnett, 757 S.W.2d
398, 401 (Tex. App.--Houston [14th Dist.] 1988, no writ). 

 Courts apply this first prong liberally and examine each case based on its own facts. 
Id.; Harlen v. Pfeffer, 693 S.W.2d 543, 545 (Tex. App.--San Antonio 1985, no writ). We look to
the knowledge and acts of the defaulting party to determine whether the failure to appear was due
to intentional disregard or conscious indifference. Evans, 889 S.W.2d at 269; Texas Sting, Ltd. v.
R.B. Foods, Inc., 82 S.W.3d 644, 650 (Tex. App.--San Antonio 2002, pet. denied). The defaulting
party satisfies its burden if the factual assertions in the defaulting party's new trial affidavits are not
controverted and if the affidavits set forth facts that, if true, negate intent or conscious indifference. 
Evans, 889 S.W.2d at 269; Texas Sting, 82 S.W.3d at 650-51. In determining whether the defaulting
party's assertions are controverted, the court looks to all the evidence in the record. Evans, 889
S.W.2d at 269; Texas Sting, 82 S.W.3d at 651.

 In his new trial affidavit, John averred that he contacted his criminal defense attorney
and informed him of the divorce case. The attorney sent John a form to file as his answer, which
John filled out and mailed back to his attorney for filing. John asserted that he did not know that he
was supposed to file the answer with the court. John filed no other evidence in support of his
motion. Our review of the record indicates that Sandra did not file a response to the motion for new
trial. 

 The trial court signed an order setting John's motion for new trial for a hearing on
July 11, 2002. On July 8, John filed an application for writ of habeas corpus ad testificandum,
requesting that he be allowed to appear at the new trial hearing either in person or by telephone. It
appears the trial court did not rule on John's motion, as the only order addressing the motion that is
included in the record is unsigned. (1)
 The trial court's order denying John's motion for new trial
indicates that the trial court "heard" the motion and considered "the arguments of counsel" before
it reached its ruling. There is no record of the motion for new trial hearing, if indeed one took place. 
We thus conclude that appellant's factual assertions negating an intentional failure to answer or
conscious indifference were not controverted. And, John's factual assertions are sufficient to negate
intentional or conscious indifference. See In re A.P.P., 74 S.W.3d 570, 574 (Tex. App.--Corpus
Christi 2002, no pet.) (defaulting party's failure to follow up with attorney is not relevant; goes to
question of negligence); K-Mart Corp. v. Armstrong, 944 S.W.2d 59, 63 (Tex. App.--Amarillo
1997, writ denied) (failure to follow up with attorney is defining characteristic of default judgments;
does not prevent finding of accident or mistake). Thus, the trial court's implied finding that John
failed to meet this prong of the Craddock test is not supported by the record.


Meritorious Defense

 Next, we must determine whether John set up a meritorious defense in his motion for
new trial. To prevail, John was not required to conclusively prove the truth of the meritorious
defense; he was merely required to set up a meritorious defense. Evans, 889 S.W.2d at 270. A
meritorious defense is one that, if proved, would cause a different result on retrial of the case,
although not necessarily the opposite result. Liepelt v. Oliveira, 818 S.W.2d 75, 77 (Tex.
App.--Corpus Christi 1991, no writ). The motion must do more than merely allege that the
defaulting party has a meritorious defense; it should allege specific facts that, in law, would
constitute a defense to the cause of action. Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex. 1966). The
supporting facts may be set forth by affidavit or other competent evidence. Guaranty Bank v.
Thompson, 632 S.W.2d 338, 339 (Tex. 1982). 

 In his new trial affidavit, John did not dispute the divorce but instead challenged the
trial court's division of property. The trial court awarded Sandra as her sole and separate property
all household items and furnishings in her personal possession and all sums of cash in her possession
or subject to her control. John was awarded all clothing, jewelry, and personal effects in his
possession and all sums of cash in his possession or subject to his control. John was incarcerated
at the time of the divorce. Thus, he had no property in his possession and no access to funds in any
bank accounts. John maintained in his motion for new trial that in awarding Sandra all household
items, furnishings, and sums of cash in her possession or subject to her control, the trial court
effectively awarded Sandra property that John claims was his separate, personal property. He listed
several property items as well as funds in his bank account and a mutual fund that he acquired prior
to his marriage to Sandra. John averred that he has clear and convincing evidence establishing that
certain items that were awarded to Sandra by the court were either property that he had acquired
before the marriage or gifts by his family members before the marriage. Although trial courts enjoy
broad discretion in dividing community property in a divorce action, the court abuses its discretion
if it divests one spouse of separate property and awards it to the other spouse. Eggemeyer v.
Eggemeyer, 554 S.W.2d 137, 142 (Tex. 1977). We hold that John adequately set up a meritorious
defense regarding the trial court's property division and therefore satisfied the second prong of the
Craddock test. 


Delay

 Under the final Craddock requirement, John must establish that the grant of a new
trial would not cause delay or otherwise work an injury to Sandra. Evans, 889 S.W.2d at 270. To
satisfy this test, John must offer and show that he is ready, willing, and able to go immediately to
trial and he is willing to reimburse Sandra for reasonable expenses incurred in obtaining the default
judgment. United Beef Producers, Inc. v. Lookingbill, 532 S.W.2d 958, 959 (Tex. 1976). In his new
trial affidavit, John states that he is ready to go to trial and prepared to reimburse Sandra for her
reasonable expenses incurred in obtaining the default judgment. We hold that John has satisfied this
final prong of the Craddock test. Accordingly, we conclude that the trial court abused its discretion
in failing to grant John's motion for new trial and sustain his third issue on appeal.


CONCLUSION

 Because John satisfied all three elements of the Craddock test, we hold the trial court
abused its discretion in failing to grant his motion for new trial. John does not challenge the portion
of the divorce decree granting a divorce. We therefore affirm that part of the decree. We reverse
and remand that portion of the decree dividing the couple's property.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed in Part; Reversed and Remanded in Part

Filed: July 11, 2003
1. A prisoner has a qualified right to appear at civil proceedings. Ex parte Guajardo, 70
S.W.3d 202, 205 (Tex. App.--San Antonio 2001, no pet.); Dodd v. Dodd, 17 S.W.3d 714, 717 (Tex.
App.--Houston [1st Dist.] 2000, no pet.). In this appeal, John does not challenge the trial court's
failure to rule on his motion to appear at the new trial hearing. We therefore express no opinion on
this issue.