# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00517-CV

**John Joseph Simmons, Appellant**

**v.**

**Sandra Pamela Simmons, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
NO. 189,988-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellee Sandra Pamela Simmons sued appellant John Joseph Simmons for divorce. When John failed to answer or appear, the trial court granted Sandra a default judgment. John timely filed a motion for new trial, which the trial court denied. He now appeals, by four issues, arguing that the trial court erred in denying him a new trial. We will reverse and remand.

## BACKGROUND

John and Sandra Simmons were married on February 14, 1998. The couple had no children. Sandra filed for divorce on January 4, 2002. On April 19, John was served by citation; he was incarcerated at the time in the Texas Department of Corrections, Institutional Division. John failed to file an answer, and on May 24, 2002, the trial court rendered a default judgment, by which it granted a divorce and divided the couple=s property. On June 21, John filed a motion for new trial. In his motion, John claimed that upon being served with the divorce petition, he contacted the attorney who had been representing him on his criminal matter and informed him of the divorce case. The attorney sent John a Apro se, pre-printed form@ to file as his answer. John filled out the form and mailed it back to his attorney for filing. John was not aware that he was supposed to file the answer with the court clerk, and apparently, the attorney did not file the answer on John=s behalf. The trial court denied John=s motion for new trial in an order dated July 11, 2002. John also requested and the trial court filed findings of fact and conclusions of law.

## DISCUSSION

By his third issue, John argues that the trial court erred in failing to grant his motion for new trial; he contends he satisfied all of the *Craddock* requirements for a new trial. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). The *Craddock* test is well-established: A default judgment should be set aside and a new trial ordered in any case in which

> (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident;
>
> (2) provided the motion for a new trial sets up a meritorious defense and

2

    (3)   is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Id.* at 126. The disposition of a motion for new trial is within the trial court=s sound discretion; we will not disturb the court=s ruling absent an abuse of that discretion. *Director, State Employees Workers=Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). A trial court abuses its discretion, however, by failing to grant a new trial when all three elements of the *Craddock* test are met. *Id.*

### *Failure to Answer*

To be entitled to a new trial, John first had to establish that his failure to answer was not intentional or the result of conscious indifference. Conscious indifference means failing to take some action that would seem obvious to a reasonable person under the same circumstances. *State v. Sledge*, 982 S.W.2d 911, 914 (Tex. App.CHouston [14th Dist.] 1998, no pet.); *Johnson v. Edmonds*, 712 S.W.2d 651, 652-53 (Tex. App.CFort Worth 1986, no writ). A failure to appear is not intentional or due to conscious indifference merely because it was deliberate or the result of negligence; it must be without adequate justification. *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995). The controlling factor under this analysis is the absence of a purposeful or bad faith failure to appear. *Craddock*, 133 S.W.2d at 125-26. Accordingly, the defaulting party must provide A[s]ome excuse, but not necessarily a good excuse@ for failing to appear. *Id.* at 125. Even a slight excuse may justify a new trial. *Gotcher v. Barnett*, 757 S.W.2d 398, 401 (Tex. App.CHouston [14th Dist.] 1988, no writ).

3

Courts apply this first prong liberally and examine each case based on its own facts. *Id.*; *Harlen v. Pfeffer*, 693 S.W.2d 543, 545 (Tex. App.CSan Antonio 1985, no writ). We look to the knowledge and acts of the defaulting party to determine whether the failure to appear was due to intentional disregard or conscious indifference. *Evans*, 889 S.W.2d at 269; *Texas Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 650 (Tex. App.CSan Antonio 2002, pet. denied). The defaulting party satisfies its burden if the factual assertions in the defaulting party=s new trial affidavits are not controverted and if the affidavits set forth facts that, if true, negate intent or conscious indifference. *Evans*, 889 S.W.2d at 269; *Texas Sting*, 82 S.W.3d at 650-51. In determining whether the defaulting party=s assertions are controverted, the court looks to all the evidence in the record. *Evans*, 889 S.W.2d at 269; *Texas Sting*, 82 S.W.3d at 651.

In his new trial affidavit, John averred that he contacted his criminal defense attorney and informed him of the divorce case. The attorney sent John a form to file as his answer, which John filled out and mailed back to his attorney for filing. John asserted that he did not know that he was supposed to file the answer with the court. John filed no other evidence in support of his motion. Our review of the record indicates that Sandra did not file a response to the motion for new trial.

The trial court signed an order setting John=s motion for new trial for a hearing on July 11, 2002. On July 8, John filed an application for writ of habeas corpus *ad testificandum*, requesting that he be allowed to appear at the new trial hearing either in person or by telephone. It appears the trial court did not rule on John=s motion, as the only order addressing the motion that is included in the record is unsigned.[1]

---

[1] A prisoner has a qualified right to appear at civil proceedings. *Ex parte Guajardo*, 70 S.W.3d 202, 205 (Tex. App.CSan Antonio 2001, no pet.); *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.CHouston [1st Dist.] 2000, no pet.). In this appeal, John does not challenge the trial court=s failure to

The trial court=s order denying John=s motion for new trial indicates that the trial court Aheard@ the motion and considered Athe arguments of counsel@ before it reached its ruling. There is no record of the motion for new trial hearing, if indeed one took place. We thus conclude that appellant=s factual assertions negating an intentional failure to answer or conscious indifference were not controverted. And, John=s factual assertions are sufficient to negate intentional or conscious indifference. *See In re A.P.P.*, 74 S.W.3d 570, 574 (Tex. App.CCorpus Christi 2002, no pet.) (defaulting party=s failure to follow up with attorney is not relevant; goes to question of negligence); *K-Mart Corp. v. Armstrong*, 944 S.W.2d 59, 63 (Tex. App.CAmarillo 1997, writ denied) (failure to follow up with attorney is defining characteristic of default judgments; does not prevent finding of accident or mistake). Thus, the trial court=s implied finding that John failed to meet this prong of the *Craddock* test is not supported by the record.

### *Meritorious Defense*

Next, we must determine whether John set up a meritorious defense in his motion for new trial. To prevail, John was not required to conclusively prove the truth of the meritorious defense; he was merely required to set up a meritorious defense. *Evans*, 889 S.W.2d at 270. A meritorious defense is one that, if proved, would cause a different result on retrial of the case, although not necessarily the opposite result. *Liepelt v. Oliveira*, 818 S.W.2d 75, 77 (Tex. App.CCorpus Christi 1991, no writ). The motion must do more than merely allege that the defaulting party has a meritorious defense; it should allege specific facts that, in law, would constitute a defense to the cause of action. *Ivy v. Carrell*, 407 S.W.2d 212, 214

---

rule on his motion to appear at the new trial hearing. We therefore express no opinion on this issue.

(Tex. 1966).  The supporting facts may be set forth by affidavit or other competent evidence.  *Guaranty Bank v. Thompson*, 632 S.W.2d 338, 339 (Tex. 1982).

In his new trial affidavit, John did not dispute the divorce but instead challenged the trial court=s division of property.  The trial court awarded Sandra as her sole and separate property all household items and furnishings in her personal possession and all sums of cash in her possession or subject to her control.  John was awarded all clothing, jewelry, and personal effects in his possession and all sums of cash in his possession or subject to his control.  John was incarcerated at the time of the divorce.  Thus, he had no property in his possession and no access to funds in any bank accounts.  John maintained in his motion for new trial that in awarding Sandra all household items, furnishings, and sums of cash in her possession or subject to her control, the trial court effectively awarded Sandra property that John claims was his separate, personal property.  He listed several property items as well as funds in his bank account and a mutual fund that he acquired prior to his marriage to Sandra.  John averred that he has clear and convincing evidence establishing that certain items that were awarded to Sandra by the court were either property that he had acquired before the marriage or gifts by his family members before the marriage. Although trial courts enjoy broad discretion in dividing community property in a divorce action, the court abuses its discretion if it divests one spouse of separate property and awards it to the other spouse. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 142 (Tex. 1977).  We hold that John adequately set up a meritorious defense regarding the trial court=s property division and therefore satisfied the second prong of the *Craddock* test.

*Delay*

Under the final *Craddock* requirement, John must establish that the grant of a new trial would not cause delay or otherwise work an injury to Sandra. *Evans*, 889 S.W.2d at 270. To satisfy this test, John must offer and show that he is ready, willing, and able to go immediately to trial and he is willing to reimburse Sandra for reasonable expenses incurred in obtaining the default judgment. *United Beef Producers, Inc. v. Lookingbill*, 532 S.W.2d 958, 959 (Tex. 1976). In his new trial affidavit, John states that he is ready to go to trial and prepared to reimburse Sandra for her reasonable expenses incurred in obtaining the default judgment. We hold that John has satisfied this final prong of the *Craddock* test. Accordingly, we conclude that the trial court abused its discretion in failing to grant John=s motion for new trial and sustain his third issue on appeal.

## CONCLUSION

Because John satisfied all three elements of the *Craddock* test, we hold the trial court abused its discretion in failing to grant his motion for new trial. John does not challenge the portion of the divorce decree granting a divorce. We therefore affirm that part of the decree. We reverse and remand that portion of the decree dividing the couple=s property.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed in Part; Reversed and Remanded in Part

7

Filed:   July 11, 2003