Opinion filed July 3, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00143-CV
_____

**JESSE PANDO, Appellant**

**V.**

**ADAELIA QUINONEZ AND MINOR DAUGHTER, S.Q.,**
**Appellees**

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Court Cause No. B-134,569**

### M E M O R A N D U M   O P I N I O N

Jesse Pando appeals a nonappearance default judgment entered against him for $25,000 in damages in favor of Adaelia Quinonez and her minor daughter, S.Q., for their tort claims against Appellant. We affirm the trial court's judgment.

#### I. *Background*

Appellees, Adaelia Quinonez and her minor daughter, S.Q., filed the underlying action on November 30, 2012. In their petition, Appellees alleged

claims of assault, offensive physical contact, threat of bodily injury, intentional infliction of emotional distress, and fraud that arose out of an incident at a church.

Appellant did not answer the lawsuit or appear. On January 17, 2013, the trial court heard Appellees' request for a default judgment. On February 1, 2013, the trial court entered a default judgment against Appellant in the amount of $25,000 plus 5% interest and required Appellant to pay all court costs.

Appellant then moved for a new trial. After hearing evidence on the matter, the trial court denied the motion. This appeal followed.

## II. *Issues Presented*

In three issues on appeal, Appellant argues that the trial court erred when it (1) refused to allow him the opportunity to present evidence, (2) allowed Appellees' counsel to misrepresent a letter of resignation he wrote concerning another case, and (3) objected to crucial evidence in this case.

## III. *Standard of Review*

A trial court's denial of a motion for new trial is reviewed for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## IV. *Analysis*

We hold that Appellant has waived his complaints on appeal due to inadequate briefing. Appellant's brief fails to conform to several requirements in Texas Rule of Appellate Procedure 38.1: the brief fails to identify the involved parties, contains no table of contents or index of authorities, and makes no citation to the record. *See* TEX. R. APP. P. 38.1(a)–(d), (g)–(i); *Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex. App.—El Paso 2010, no pet.) (finding that, when appellate issues lack citation to the record, nothing is presented for review).

Although Appellant provides, in his brief, the relevant factors used to determine if a motion for new trial was properly denied, his issues do not correspond to these factors, and much of his argument consists of unsupported assertions. *See San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that parties asserting error on appeal must put forth specific argument and analysis showing the record and the law supports their contentions); *Franklin v. Enserch, Inc.*, 961 S.W.2d 704, 711 (Tex. App.—Amarillo 1998, no pet.) (holding that presenting attenuated unsupported argument waives complaint). The fact that Appellant is a pro se litigant does not exempt him from the rules of appellate procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). We hold that Appellant's claims have been waived due to insufficient briefing.

Even if we assumed, without deciding, that Appellant's claims have not been waived, he has failed to show that the trial court erred when it refused to grant his motion for new trial. A default judgment should be set aside and a new trial granted if (1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and (3) the motion is filed when granting a new trial would not result in delay or otherwise injure the plaintiff. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). A court must grant a defendant's motion for new trial only if all three *Craddock* factors are satisfied. *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994).

When determining whether the defendant's failure to file an answer was intentional or due to conscious indifference, a court looks to the knowledge and acts of the defendant. *Id.* at 269. Not understanding a citation and then doing nothing following service of process does not constitute a mistake of law sufficient

to meet the *Craddock* requirements. *Butler v. Dal Tex Mach. & Tool Co.*, 627 S.W.2d 258, 260 (Tex. App.—Fort Worth 1982, no writ).

At the hearing on his motion for new trial, Appellant acknowledged he was served with process of several legal documents in this case, including the original petition. Although Appellant claimed that he did not respond to the petition because he thought that the document meant he was being sued in cause number A-133,375, Appellant admitted that he read the petition and realized that it had a cause number other than A-133,375.[1]

Based on the evidence above, we find that the trial court could have reasonably concluded that the cause of Appellant's failure to answer was not mistake or accident, but was his own neglect and conscious indifference. *See Butler*, 627 S.W.2d at 260. Because Appellant has failed to establish the first requirement under *Craddock*, we need not discuss whether he met the other two factors. *See Freeman v. Pevehouse*, 79 S.W.3d 637, 648 (Tex. App.—Waco 2002, no pet.) (holding that, because appellant failed to satisfy the first element of the *Craddock* test, the trial court did not err when it denied his motion for new trial).

We hold that the trial court did not abuse its discretion when it denied Appellant's motion for new trial. Appellant's three issues are overruled.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


July 3, 2014                                                    MIKE WILLSON

Panel consists of: Wright, C.J.,                               JUSTICE
Willson, J., and Bailey, J.

---

[1]Cause number A-133,375, titled *Iglesia Fundamento Sobre la Roca v. Arturo Salinas*, was heard before the 70th District Court in Ector County. According to Appellant, the parties involved in this case were also involved in cause number A-133,375.

4