

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00074-CV

CLIFTON LEON SHEPPARD, APPELLANT

V.

FINNIS L. SHEPPARD, APPELLEE

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 179,425-C, Mark T. Price, Presiding

October 15, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Clifton Leon Sheppard appeals a no-answer default judgment. Through one issue, appellant contends the trial court erred by denying his motion for new trial. We will affirm the judgment of the trial court.

## Background

Appellant, age 63, was the defendant in a suit brought by his mother to set aside a deed by which she had conveyed her home in Wichita Falls to appellant and one of

his sisters.  The deed conveying appellant a one-half undivided interest in the property was signed in July 2012, at a time his mother was living in a nursing home.[1]

Appellant's mother later moved to Austin to live with one of her daughters, Beverly Hill. Shortly thereafter, appellant was served with citation in a proceeding to evict him from the residence. The citation included a date, time and location on which to appear in court.  Appellant appeared at the noted time and place and the justice court found in his favor.  Hill then hired an attorney to represent their mother, and suit to set aside the deed was filed in August 2013.  Appellant did not answer the suit or otherwise appear.  At an October 2013 hearing, appellee presented evidence their mother lacked capacity when she executed the deed. After hearing the evidence, the trial court signed a judgment against appellant, declaring the deed void.

Appellant received notice of the default judgment, hired an attorney, and timely filed a motion for new trial, setting forth his reasons for failing to appear at the October hearing.  At the hearing on his motion, appellant acknowledged he received the suit papers but testified he did not file a written answer because he did not understand he was required to do so to prevent default.  He also told the court he did not take any action after receiving the papers because he "didn't see a court date." He said that on other occasions on which he had been sued in eviction proceedings, including the suit brought by appellee, "the [c]ourt sends you papers, you have a date that you have to go

---

[1] Appellant asserts his mother executed the deed with "full knowledge and understanding of what she was doing, that she executed the deed of her volition, and that she was fully mentally competent to do so."

to court. And I was looking for the date and I never saw one." The trial court denied appellant's motion for new trial and this appeal followed.

Analysis

Through one issue, appellant contends the trial court erred in denying his motion for new trial because he satisfied each of the prongs set forth in *Craddock v. Sunshine Bus Lines,* 133 S.W. 2d 124, 126 (Tex. 1939).

We review the trial court's denial of a motion for new trial for an abuse of discretion. *In the Interest of R.R.,* 209 S.W.3d 112, 114 (Tex. 2006); *Ricks v. Ricks,* 169 S.W.3d 523, 526 (Tex. App.—Dallas 2005, no pet.). The test set out in *Craddock* contains three prongs, each of which a defaulting party must satisfy: (1) present facts showing that the failure to appear was not intentional or the result of conscious indifference but was due to accident or mistake; (2) set up a meritorious defense; and (3) file the motion for new trial when it would not cause delay or otherwise injure the prevailing party. *Craddock,* 133 S.W.2d at 126. A trial court abuses its discretion in failing to grant a new trial if all three *Craddock* elements are met. *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382, (Tex.1994); *American Paging of Texas, Inc. v. El Paso Paging, Inc.,* 9 S.W.3d 237, 240 (Tex. App.—El Paso,1999, pet. denied).

The determination whether a party's failure to answer was intentional or the result of conscious indifference is a question of fact. *State Farm Life Ins. v. Mosharaf,* 794 S.W.2d 578, 583 (Tex. App.—Houston [1st Dist.] 1990, writ denied). The cases addressing the question demonstrate that in their consideration of relevant facts, the courts have interpreted the first prong liberally in favor of the movant. *Gotcher v.*

3

*Barnett,* 757 S.W.2d 398, 401 (Tex. App.—Houston [14th Dist.] 1988, no writ). It is also settled that negligence alone will not preclude setting aside a default judgment. *Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex. 1996); *Ferguson & Co. v. Roll,* 776 S.W.2d 692, 697 (Tex. App.—Dallas 1989, no writ); *Gotcher,* 757 S.W.2d at 402. Some excuse, even if not strong, is sufficient under the *Craddock* rationale to warrant setting aside a default judgment, provided that the defendant's failure to answer was, in fact, accidental. *Craddock,* 133 S.W.2d at 125; *Ferguson,* 776 S.W.2d at 695. The defaulting party's burden as to the first *Craddock* element is satisfied when the factual assertions, if true, negate intent and conscious indifference on his part and the factual assertions are not controverted. *In re R.R.,* 209 S.W.3d at 115.

Here, as noted, appellant acknowledged receipt of service of the petition to set aside the deed but said he "expected that I would receive a separate communication from the Plaintiff or her lawyer informing me of a date for the hearing in this matter." He reviewed the pleadings he received, looking for a date and time to appear because the eviction citations he received previously included this information. At the hearing on his motion for new trial, appellant testified he "[s]paringly" read the petition, stating, "I looked it over. I was looking for a court date. I saw who it was." He elsewhere said he "half-way read it." Appellant told the court he did not understand from the language of the petition that he was required to file a written answer to prevent default. He testified, "I read it, but I didn't comprehend. I didn't understand what it was from my estimation of what I thought it was." In his motion for new trial and on appeal, appellant contends the failure to file a written answer or appear for the October hearing was the result of a

4

mistake. He also states that when he received notice of the default judgment against him, he immediately hired an attorney and filed a motion for new trial.

Appellee points to two opinions of the Fort Worth court of appeals in cases with facts similar to those before us.[2] In both, the defendants alleged mistake caused them to fail to file a written answer or appear at trial and in both, the Fort Worth court found the defendants' reasons insufficient to satisfy the first *Craddock* prong.

In the first, *Butler v. Dal Tex Mach. & Tool Co., Inc.,* 627 S.W.2d 258, 260 (Tex. App.—Fort Worth 1982, no writ), the defendant alleged he did not understand the citation and he believed he would be notified of a court date. *Id.* He claimed also he did not understand the citation required him to file a written answer. *Id.* He further testified that he had a conversation with the constable who served him and that the constable advised him to get an attorney. *Id.* There was no evidence that the defendant ever sought help to understand the citation. *Id.* The court of appeals presumed that the citation complied with the applicable law governing its contents. *Id.* The court held that there was "ample evidence to support the implied finding by the trial court, whose duty it is to weigh the evidence, that the failure to file an answer was the result of . . . a conscious indifference on the part of [the defendant]."

In the second, *Johnson v. Edmonds,* 712 S.W.2d 651, 652-53 (Tex. App.—Fort Worth 1986, no writ), the defendant asserted he failed to timely answer because he did not understand the nature of the citation served on him, and that his misunderstanding was a mistake rather than conscious indifference. *Id.* at 652. The defendant testified

---

[2] This is a case transferred to this court from the Second Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005); TEX. R. APP. P. 41.3 (precedent in transferred cases).

5

that he believed the "papers" served on him to be some indication that he was going to be sued rather than notice he had been sued. *Id.* He acknowledged he had previously received a demand letter from the plaintiff's attorney, that the citation was personally served on him by someone he believed was a constable, and that he read the "papers" served on him. *Id.* However, he denied reading the part of the citation requiring him to timely answer the plaintiff's petition. *Id.* The court of appeals noted that "[a]ppellant is capable of reading English, has four years of college education, and had engaged in the construction business for seven years." *Id.* The court further stated, "[w]e interpret conscious indifference to mean a failure to take some action which would seem indicated to a person of reasonable sensibilities under the same circumstances. In this case, the appellant neither sought help nor advice nor made inquiry about the import of the 'papers' he had received. We find that such acts are evidence of conscious indifference sufficient to support the finding of the trial court." *Id.*

Appellant's testimony is very like that in *Butler* and *Johnson*. Here, appellant, 63 years of age and a high school graduate, was properly served with citation. Appellant said he "sparingly" read, "half-read" and read but "didn't comprehend" and "didn't understand" the pleadings served on him. He "looked it over . . . looking for a court date." He "saw who it was." After receiving the pleadings, he put them in a drawer and did nothing further until he received notice of the default judgment against him, 76 days later. Appellant's testimony on that point is strikingly similar to that in *Butler*, where, the appellate court said, "Butler testified that he did not understand what he had read and that he put the papers on his desk and did nothing further until he received notice of the default judgment at which time he consulted with an attorney." *Butler,* 727 S.W.2d at

6

260. Appellant's assertion he expected to be informed of a hearing date also mirrors the defendant's statement in *Butler* that "he believed he would be notified at a later date of a court date." *Id.* As in *Butler* and *Johnson,* there is no evidence appellant here sought help to understand the citation served on him; rather, he said he relied on his previous experience in eviction cases.[3] *Butler,* 727 S.W.2d at 260.

In *In re R.R.*, the Texas Supreme Court stated that when a court determines whether the defendant's failure to file an answer was intentional or due to conscious indifference, it "looks to the knowledge and acts of the defendant." 209 S.W.3d at 115. Pressed on cross-examination regarding the extent to which he read the suit papers, and regarding his assertion he did not realize the suit sought to set aside the deed, appellant at one point told the court, "Because when I said I read it, I read it and I saw who sued me and I looked for a court date, so I figured that was enough for me." Such testimony, coupled with his testimony of his successful self-representation in the eviction proceeding, reasonably suggests conscious indifference, not mistake. "Not understanding a citation and then doing nothing following service does not constitute a mistake of law that is sufficient to meet the *Craddock* requirements." *Id.*[4]

Recognizing that it was the duty of the trial court to ascertain the facts surrounding appellant's default, and in so doing to judge the credibility of witnesses and the weight to be given their testimony, *see, e.g., Fernandez v. Peters,* No. 03-09-00687-CV, 2010 Tex. App. LEXIS 8473, at *26 (Tex. App.—Austin Oct. 19, 2010, no pet.), and

---

[3] The record includes the citation served on appellant in the suit to set aside the deed. It complies with rule 99 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 99.

[4] For that proposition, the Texas Supreme Court cited its opinion in *Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex. 1992), which, it noted, cited the Fort Worth court of appeals' opinion in *Butler.* 209 S.W.3d at 115.

guided by the opinions in *Butler*, 727 S.W.2d at 260, and *Johnson*, 712 S.W.2d at 652, on this record we see no abuse of discretion in the trial court's conclusion appellant's failure to answer before default judgment was entered against him was the result of conscious indifference on his part and not due to accident or mistake. *See In re R.R.,* 209 S.W.3d at 115; *In the Interest of P.J.,* No. 02-13-00052-CV, 2013 Tex. App. LEXIS 15334, at *6 (Tex. App.—Fort Worth Dec. 19, 2013, no pet.) (mem. op.) (citing *Johnson* among other cases and concluding first prong not satisfied when mother made intentional choice not to answer father's petition, to inquire about the status of the case, or to notify the trial court of her inability to appear at trial); *Vincent v. Vincent,* No. 02-02-00069-CV, 2003 Tex. App. LEXIS 6624 (Tex. App.—Fort Worth July 31, 2003, no pet.) (mem. op.) (analogizing facts to those in *Butler* and *Johnson,* affirming no-answer default judgment).

Because appellant's motion, affidavit, and testimony were insufficient to satisfy the first prong of *Craddock,* it is unnecessary for us to consider whether appellant met *Craddock*'s other requisites. *Munoz v. Rivera,* 225 S.W.3d 23, 28 (Tex. App.—El Paso 2005, no pet.).

## Conclusion

The trial court did not abuse its discretion in denying appellant's motion for new trial. We resolve appellant's sole issue against him and affirm the judgment of the trial court.

James T. Campbell
Justice