**DIVERSIFIED FINANCIAL SYSTEMS, INC. Diversified Financial Southeast, Inc., Appellants,**

v.

**HILL, HEARD, O'NEAL, GILSTRAP & GOETZ, P.C. a/k/a Hill, Gilstrap, Moorhead, White, Bodoin & Webster, a Professional Corporation, Dwight A. Heard, and Frank Hill, Appellees.**

No. 2–98–276–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 19, 1999.

Rehearing Overruled Nov. 18, 1999.

The Holman Law Firm, P.C., Levon G. Hovnatanian, Houston, for Appellant. (Mr. Hovnatanian and The Holman Law Firm were not Appellants' lawyers at the time the appeal was perfected.)

Hill Gilstrap, Frank Gilstrap, Larry L. Fowler, Arlington, for Appellee.

Panel A: CAYCE, C.J.; DAY and DAUPHINOT, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

### INTRODUCTION

Appellants Diversified Financial Systems, Inc. ("Systems") and Diversified Fi-

nancial Southeast, Inc. ("Southeast") (collectively "Diversified") appeal from the trial court's grant of summary judgment in favor of Appellees Hill, Heard, O'Neal, Gilstrap & Goetz, P.C. a/k/a Hill, Gilstrap, Moorhead, White, Bodoin & Webster, a Professional Corporation ("the Firm"), Dwight A. Heard ("Heard"), and Frank Hill ("Hill") (collectively "Hill Heard"). Because Diversified's notice of appeal was not timely filed, we dismiss this appeal for want of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves a dispute over a promissory note. Commonwealth Bank loaned $50,000 to the Firm. Heard and Mazel Merrill signed the promissory note on behalf of the Firm, and Heard and Hill each signed a guaranty. Subsequently, Commonwealth Bank closed and was taken over by the Federal Deposit Insurance Corporation ("FDIC"). Systems purchased the note and guaranties from the FDIC. Systems filed suit against Hill Heard because of the Firm's failure to make payments on the loan and Heard and Hill's failure to perform as guarantors. Systems assigned the note and guaranties to Southeast, and Southeast intervened in the suit. Diversified also added A.L. Endres ("Endres") as a defendant.

Hill Heard moved for a no-evidence summary judgment, arguing that there was no evidence to support Diversified's claims against Hill Heard.[1] Diversified filed a response, attaching the affidavit of Charles Olson as summary judgment proof. Hill Heard objected to the affidavit on the ground that some of Olson's statements were not within his personal knowledge, were legal conclusions, or constituted speculation or hearsay and on the ground that the documents attached to the affidavit were hearsay. The trial court sustained Hill Heard's objections to the affidavit and struck several portions of the affidavit. On January 6, 1998, the trial

court granted Hill Heard's motion for summary judgment, ordered that Diversified take nothing on its claims against Hill Heard, and assessed costs against Diversified.

On June 30, 1998, the trial court entered an agreed order granting Hill Heard's motion to sever, thus severing all of Diversified's claims against Hill Heard into a separate action. On August 12, 1998, the trial court granted Hill Heard's unopposed motion for judgment and entered a judgment that, like the summary judgment, ordered Diversified to take nothing on its claims against Hill Heard. Diversified filed a notice of appeal on September 11, 1998, thirty days after the August 12, 1998 judgment. In six issues on appeal, Diversified argues that the trial court erred in granting Hill Heard's motion for summary judgment.

## DISCUSSION

 This court first must determine whether we have jurisdiction over this appeal. The parties disagree as to when the trial court entered a final, appealable judgment in this case. Diversified argues that the January 6, 1998 summary judgment never became final and that the August 12, 1998 judgment is the final judgment in this case. Diversified further argues that, because the notice of appeal was filed within thirty days of the August 12, 1998 judgment, the notice of appeal was timely filed. Hill Heard, however, argues that the January 6, 1998 summary judgment became final upon the trial court's severing Diversified's claims against Hill Heard into a separate action and that, because the notice of appeal was filed more than thirty days after the summary judgment became final, the notice of appeal was not timely filed.

 The law is well established that all parties and all issues before the trial court must be disposed of before a summary judgment becomes final and appeal-

1. *See* Tex.R. Civ. P. 166a(i).

able.[2] Although the January 6, 1998 summary judgment disposed of all of Diversified's claims against Hill Heard, it did not dispose of Diversified's claims against Endres and therefore did not dispose of all parties and all issues. When, as in this case, the problem is that an otherwise final judgment fails to dispose of all parties and all issues, the trial court may make the judgment final for purposes of appeal by severing the parties and issues disposed of by the judgment into a different cause.[3]

In this case, the trial court severed all of Diversified's claims against Hill Heard, which were disposed of by the summary judgment, into a different cause. Specifically, the severance order provides that all of Diversified's claims against Hill Heard

> relating to that one certain promissory note dated May 1, 1989, in the original principal amount of $50,000.00, and any guaranties related thereto, be, and the same hereby is, severed from this action and made the subject of a separate action, and that it proceed as such to final judgment or other disposition in this Court.

Diversified contends that the language "that it proceed as such to final judgment or other disposition" indicates that the summary judgment was not a final judgment and that the case would not become appealable until the signing of another judgment.

Case law, however, is clear that a partial summary judgment becomes final and appealable upon the severing of the parties and claims disposed of by the partial summary judgment into a separate cause; the trial court is not required to enter another judgment to make the severed cause final and appealable.[4] We therefore hold that the January 6, 1998 summary judgment became final for purposes of appeal when the trial court signed the severance order on June 30, 1998. It was not necessary for the trial court to enter the August 12, 1998 judgment to make the summary judgment final. In fact, the trial court no longer had plenary power over the severed cause when it entered the August 12, 1998 judgment.[5]

The appellate timetable began to run on June 30, 1998, the date on which the trial court signed the severance order.[6] Diversified was required to file its notice of appeal by July 30, 1998, thirty days after the signing of the severance order.[7] Unfortunately, Diversified did not file its notice of appeal until September 11, 1998. Diversified's notice of appeal therefore was not timely filed. We dismiss this appeal for want of jurisdiction.

---

**2.** *See Park Place Hosp. v. Estate of Milo,* 909 S.W.2d 508, 510 (Tex.1995); *Martinez v. Humble Sand & Gravel, Inc.,* 875 S.W.2d 311, 312 (Tex.1994).

**3.** *See Martinez,* 875 S.W.2d at 312; *Hood v. Amarillo Nat'l Bank,* 815 S.W.2d 545, 547 (Tex.1991).

**4.** *See Harris County Flood Control Dist. v. Adam,* 988 S.W.2d 423, 426 (Tex.App.—Houston [1st Dist.] 1999, no pet.) (holding that partial summary judgment becomes final and appealable if trial court signs order severing parties and claims addressed by summary judgment motion into separate case).

**5.** *See* Tex.R. Civ. P. 329b.

**6.** *See Crowson v. Wakeham,* 897 S.W.2d 779, 783 (Tex.1995); *Martinez,* 875 S.W.2d at 313.

