IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00091-CR

 

Eric Dale Angelo,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 66th District Court

Hill County, Texas

Trial Court No. 35,831

 



MEMORANDUM  Opinion










 

            Eric Dale Angelo attempts to appeal a
conviction in which the sentence was imposed on September 21, 2009.  By letter, the Clerk notified Angelo that his notice of appeal appeared untimely.  Angelo
was further warned that the appeal would be dismissed unless, within 21 days of
the date of the letter, a response was filed showing grounds for continuing the
appeal.  Angelo’s response does not provide sufficient grounds for continuing
the appeal.




            Accordingly, this appeal is
dismissed.  See Tex. R. App. P.
44.3.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Appeal
dismissed

Opinion
delivered and filed March 24, 2010

Do
not publish 

[CR25]






0;                                        Appellees
 

From the 165th District Court
Harris County, Texas
Trial Court # 95-29843
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Timothy Aguilar, an inmate appearing pro se, appeals from the trial court’s take-nothing judgment. He claims that the trial court erred when it: (1) failed to grant him a default
judgment; (2) denied his motion for a writ of habeas corpus ad testificandum; and (3) denied his
motion for continuance.
      We affirm the trial court’s judgment.
FACTUAL AND PROCEDURAL BACKGROUND
      On June 6, 1995, Aguilar filed suit against Officer Antonio Alvarado and Officer Meza of the
City of Houston Police Department. Aguilar alleged that the officers violated his civil rights and
committed gross negligence when they stole his jewelry and money during his arrest for forgery.
      • June 28, 1995, Alvarado was personally served with a citation and a copy of Aguilar’s
original petition. 
      • April 7, 1997, Meza was served with a citation and a copy of Aguilar’s original petition by
certified mail, return receipt requested. Meza was served approximately two years after Aguilar
filed suit because Aguilar did not include Meza’s first name on his petition. Further, the
constable’s return, dated June 22, 1995, stated that he was unable to personally serve Meza
because there was “more than one officer named Meza.”
      • April 17, 1997, Meza filed his original answer in which he asserted the affirmative defense
of qualified immunity and a motion to dismiss for failure to state a claim.



      • May 9, 1997, Alvarado filed his original answer in which he generally denied Aguilar’s
claims and asserted the affirmative defenses of qualified and official immunity.
      • May 14, 1997, Meza filed a motion for special exceptions to Aguilar’s amended petition.
      • May 16, 1997, Aguilar filed his “Plaintiff’s Objection to Defendant Alvarado’s Answer”
and asked the trial court to strike Alvarado’s answer and enter a default judgment.


 
      • May 30, 1997, the trial court ordered Aguilar to replead and amend his petition within thirty
days or it would dismiss his action against Meza.


 
      • June 27, 1997, Aguilar filed a “writ of ad testificandum.” 
      • July 14, 1997, Aguilar filed a motion for continuance, which the trial court denied on July
16, 1997. 
      • August 4, 1997, Aguilar filed a motion for a writ of habeas corpus ad testificandum. 
      The case proceeded to trial on August 8, 1997, and Aguilar failed to appear and failed to
present any evidence supporting his claims to the trial court by affidavit, deposition, or other
means. On January 15, 1998, the trial court signed a take-nothing judgment against Aguilar.



DEFAULT JUDGMENT
      Aguilar’s first issue on appeal claims, without authority, that the trial court abused its
discretion when it failed to grant him a default judgment against Alvarado.


 Aguilar claims that
Alvarado exercised conscious indifference to the “legal process” when Alvarado filed his answer
almost two years after he was served with the citation and a copy of Aguilar’s original petition.
      Aguilar does not cite any relevant authority for his proposition that if a defendant files an
answer several years after he has been served with citation, then the defendant has shown
conscious indifference to the “legal process” and the trial court abuses its discretion if it fails to
strike the defendant’s answer and grant the plaintiff a default judgment. Aguilar’s sole authority
for his proposition is Johnson v. Edmonds. 712 S.W.2d 651, 652 (Tex. App.—Fort Worth 1986,
no writ). This case is neither analogous nor helpful. 
      In Johnson, the trial court granted a default judgment against the defendant and denied his
subsequent equitable motion for new trial. The appeals court held that the defendant’s failure to
seek help or advice concerning the “papers” that he had been served with was evidence that his
failure to appear was the result of his conscious indifference and thus, the trial court did not abuse
its discretion when it denied his equitable motion for new trial. Id. at 653. 
       In our present case, it is moot whether Alvarado’s filing of his answer two years after he was
served was conscious indifference because his answer was on file before Aguilar requested that
the trial court grant him a default judgment. Aguilar did not file a motion for a default judgment
hearing or request that the trial court grant him a default judgment before Alvarado filed his
answer. Rather, Aguilar’s first request for a default judgment occurred in his motion, filed after
Alvarado filed his answer, in which he asked the trial court to strike Alvarado’s answer and enter
a default judgment. 
      A trial court may not grant a default judgment after the defendant has filed an answer. Tex.
R. Civ. P. 239; Davis v. Jefferies, 764 S.W.2d 559, 560 (Tex. 1989); In re Hathcox, 981 S.W.2d
422, 426 (Tex. App.—Texarkana 1998, no pet.). When a trial court follows the Texas Rules of
Civil Procedure and well-settled case law, it does not abuse its discretion. 
      We overrule Aguilar’s first issue. 
MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM
      Aguilar’s second issue on appeal claims that the trial court abused its discretion when it denied
his motion for a writ of habeas corpus ad testificandum. Aguilar claims that the trial court’s denial
of his motion prevented him from presenting evidence that would have entitled him to judicial
relief and denied him an opportunity to be heard.
      An inmate has a constitutional right to access the courts. Hudson v. Palmer, 468 U.S. 517,
523, 104 S. Ct. 3194, 3198, 82 L. Ed. 2d 393 (1984); Pedraza v. Crossroads Sec. Sys., 960
S.W.2d 339, 342 (Tex. App.—Corpus Christi 1997, no writ). However, an inmate does not have
an absolute right to appear personally at civil proceedings. In re M.M., 980 S.W.2d 699, 701
(Tex. App.—San Antonio 1998, no pet.); Pedraza, 960 S.W.2d at 342; Armstrong v. Randle, 881
S.W.2d 53, 56 (Tex. App.—Texarkana 1994, writ denied); Brewer v. Taylor, 737 S.W.2d 421,
423 (Tex. App.—Dallas 1987, no writ). When determining whether an inmate should attend court
proceedings, the trial court must balance the interest of the State in preserving the integrity of the
correctional system with the inmate’s right of access, with a goal of achieving a balance that is
fundamentally fair. Pedraza, 960 S.W.2d at 342; Armstrong, 881 S.W.2d at 57; Brewer, 737
S.W.2d at 423-24. Some factors the trial court may consider when determining whether an inmate
should attend court proceedings are: (1) the cost and inconvenience of transporting the inmate to
court; (2) the security risk and danger to the court and the public by allowing the inmate to attend
court; (3) whether the inmate’s claims are substantial; (4) whether a determination of the matter
can reasonably be delayed until the inmate is released; (5) whether the inmate can and will offer
admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone,
or otherwise; (6) whether the inmate’s presence is important in judging his demeanor and
credibility compared with that of other witnesses; (7) whether the trial is to the court or to a jury;
and (8) the inmate’s probability of success on the merits. Pedraza, 960 S.W.2d at 342;
Armstrong, 881 S.W.2d at 57; Brewer, 737 S.W.2d at 423. 
      If the trial court denies an inmate’s request to personally appear at trial, the inmate should be
allowed to “proceed by affidavit, deposition, telephone, or other effective means.” Pedraza, 960
S.W.2d at 343 n.3 (quoting Byrd v. Attorney Gen., 877 S.W.2d 566, 569 (Tex. App.—Beaumont
1994, no writ)). We review the trial court’s determination under an abuse of discretion standard. 
Nance v. Nance, 904 S.W.2d 890, 892 (Tex. App.—Corpus Christi 1995, no writ); Armstrong,
881 S.W.2d at 57; Brewer, 737 S.W.2d at 423. A trial court abuses its discretion only when the
inmate has been effectively barred from presenting his case. Armstrong, 881 S.W.2d at 57. 
      Aguilar had other alternative, effective means at his disposal in which to pursue his claims
and present his case at trial. Aguilar was not barred from proceeding by affidavit, deposition or
telephone. Rather, Aguilar chose not to utilize those means and consequently, has not
demonstrated why those means were ineffective or prevented him from pursuing his claim at trial. 
Thus, Aguilar has not shown that the trial court abused its discretion when it denied his motion
for writ of habeas corpus ad testificandum. 
      We overrule Aguilar’s second issue. 
MOTION FOR CONTINUANCE
      Aguilar’s third issue claims that the trial court abused its discretion when it denied his motion
for continuance on the basis that his discovery was not complete. Aguilar claims that because his
motion for continuance asserted valid reasons, i.e., he had yet to subpoena three important
witnesses and because he complied with Texas Rule of Civil Procedure 251, the trial court erred
when it did not grant his motion. 
      The trial court’s denial of a motion for continuance rests within its sound discretion and will
not be disturbed on appeal absent a clear abuse of that discretion. State v. Wood Oil Distrib., Inc.,
751 S.W.2d 863, 865 (Tex. 1988); Beutel v. Dallas County Flood Control Dist., 916 S.W.2d 685,
693 (Tex. App.—Waco 1996, writ denied). A court is generally presumed to have correctly
exercised its discretion when it denies a motion for continuance that does not comply with the rules
governing such motions. Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986); Ramirez v. State,
973 S.W.2d 388, 391 (Tex. App.—El Paso 1998, no pet.); Rosedale Partners, Ltd. v. Resolution
Trust Corp., 882 S.W.2d 622, 630 (Tex. App.—Corpus Christi 1994, writ denied); Weaver v.
Jock, 717 S.W.2d 654, 660 (Tex. App.—Waco 1986, writ ref’d n.r.e.). 
      A party who requests additional time for discovery must comply with the requirements of Rule
252 of the Texas Rules of Civil Procedure. Tex. R. Civ. P. 252. Rule 252 requires a party, by
affidavit, to: (1) state that the sought-after testimony is material; (2) show the materiality of the
testimony; (3) show that he has used due diligence to procure such testimony, stating such
diligence and the cause of the failure, if known; (4) state that the testimony cannot be procured
from any other source; (5) state the name and residence of the witness and what he expects to
prove by him, if the continuance is sought because of an absent witness; and (6) state that the
continuance is not for delay, but so that justice may be done. Tex. R. Civ. P. 252. However, a
party’s first motion for continuance does not need to show that the absent testimony cannot be
procured from any other source. Id. 
      Aguilar’s motion requested a continuance on the basis of: 
discovery not being complete by plaintiff upon defendants, the City of Houston Police
Department has yet to be served summons/citation as been requested by plaintiff to the
District Clerk, plaintiff has received information about three witnesses that will have to
be subpoenaed to attend trial, and plaintiff is preparing for a trial set for August 18, 1997
in Smith County, Texas in Cause No. 97-31-B styled Timothy Aguilar v. TDCJ-ID et al. 
Plaintiff is in the process of obtaining documents that could be used at trial.
 
Aguilar’s motion failed to comply with Rule 252 because he did not state or show that the sought-after testimony was material and he did not show that he used due diligence to procure the sought-after testimony. Tex. R. Civ. P. 252. We hold that the trial court did not abuse its discretion
when it denied Aguilar’s motion.
      We overrule Aguilar’s third issue.
      The trial court’s judgment is affirmed.


                                                             REX D. DAVIS
                                                             Chief Justice


Before Chief Justice Davis
      Justice Vance
      Justice Gray
Affirmed
Opinion delivered and filed December 1, 1999
Publish