# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00083-CV

**Lorenzo Franks, Appellant**

**v.**

**The Honorable C. Bud Kirkendall, Judge of the 2nd 25th Judicial Court of Guadalupe County, Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-12-004498-A, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Lorenzo Franks sued C. Bud Kirkendall, the district judge who presided over criminal proceedings that resulted in Franks's conviction for burglary, complaining of actions taken by Judge Kirkendall in connection with those criminal proceedings. Judge Kirkendall filed a motion to sever the claims against him from claims Franks asserted against other state officials and filed a motion to dismiss Franks's suit for lack of subject-matter jurisdiction based on judicial and sovereign immunity. The trial court granted both motions and rendered judgment dismissing Franks's claims against Judge Kirkendall. Franks perfected this appeal complaining in three issues that the trial court erred by (1) granting the motion to sever; (2) refusing to consider and grant his motion for a bench warrant and application for writ of habeas corpus ad testificandum; and (3) refusing to rule on his motion for new trial. We will affirm.

In his first issue, Franks contends that the trial court erred in granting the motion to sever because, according to Franks, the trial court failed to comply with rule 245 of the Texas Rules of Civil Procedure, which requires that the parties receive at least 45 days' notice of a first trial setting in a contested case. *See* Tex. R. Civ. P. 245 (assignment of cases for trial). Rule 245 only applies, however, to *trial settings* in contested cases. Franks was not entitled to 45 days' notice of the trial court's hearing on Judge Kirkendall's motion to sever and dismiss the suit. In fact, a trial court is authorized to sever claims on its own motion so long as the severance is proper under the rules of civil procedure. *See Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 187 (Tex. App.—Fort Worth 2004, no pet.) ("We find no authority indicating that the trial court must provide the parties with prior notice of its intent to sever."). A trial court may always sever dismissed claims from remaining claims in order to render an otherwise interlocutory judgment final and appealable. *See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 3 S.W.3d 616, 618 (Tex. App.—Fort Worth 1999), *rev'd on other grounds*, 63 S.W.3d 795 (Tex. 2001). Consequently, the trial court here could have severed the claims against Judge Kirkendall on its own motion without requiring either party to file a motion and without providing prior notice of its intent to do so. Franks was not entitled to 45 days' notice of a hearing on a motion to sever. We overrule the first appellate issue.

In his second issue, Franks asserts that the trial court erred by refusing to consider and grant his request for a writ of habeas corpus ad testificandum to allow him to personally appear at the hearing on the motion to dismiss. A trial court may rule on a motion either expressly or implicitly. *See, e.g.*, Tex. R. App. P. 33.1(a)(2) (for party to present complaint for appellate review,

2

record must show that trial court either ruled on motion, expressly or implicitly, or refused to rule and that complaining party objected to refusal). Here, by granting Judge Kirkendall's dispositive motion without issuing a bench warrant for Franks's appearance at the hearing, the trial court implicitly denied his request. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (concluding that trial court implicitly denied inmate's request for bench warrant by proceeding to trial without issuing one).

We review the trial court's ruling on a request for a bench warrant under an abuse-of-discretion standard. *See In re B.R.G.*, 48 S.W.3d 812, 820 (Tex. App.—El Paso 2001, no pet.). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). It is well established that litigants cannot be denied access to the courts simply because they are inmates. *See Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *In re Z.L.T.*, 124 S.W.3d at 165. "However, an inmate does not have an absolute right to appear in person in every court proceeding." *In re Z.L.T.*, 124 S.W.3d at 165 (citing *Zuniga v. Zuniga*, 13 S.W.3d 798, 801 (Tex. App.—San Antonio 1999, no pet.)). Instead, the inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity. *Id.* A trial court abuses its discretion in denying a motion for a bench warrant only if the inmate has been effectively barred from presenting his case. *Aguilar v. Alvarado*, 39 S.W.3d 244, 248 (Tex. App.—Waco 1999, pet. denied); *Armstrong v. Randle*, 881 S.W.2d 53, 57 (Tex. App.—Texarkana 1994, writ denied). Thus, the right of a prisoner to have access to the court entails not so much his personal presence as the opportunity to present evidence

or contradict the evidence of the opposing party. *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

In the present case, Franks participated in the hearing by telephone; therefore, he was not denied his right to participate in the proceedings. Moreover, the hearing on Judge Kirkendall's motion to dismiss was not an evidentiary one. Rather, the trial court was considering whether the facts as alleged by Franks in his petition demonstrated that the claims were barred by judicial or sovereign immunity. Thus, the court was considering whether it had subject-matter jurisdiction over the claims Franks asserted against Judge Kirkendall—a question of law and not of fact. Franks was present by telephone and permitted to make any arguments he wanted to in opposition to the motion to dismiss. Moreover, we observe that a personal appearance by Franks would not have altered the circumstances of the matter under consideration, i.e., whether he failed to allege facts and causes of action conferring jurisdiction on the court. *See Kimmel v. Cooper*, No. 02-01-00333-CV, 2002 WL 246425, at *2 (Tex. App.—Austin Feb. 22, 2002, no pet.) (mem. op.) (holding that plaintiff's due process rights were not violated by trial court's granting of plea to jurisdiction without giving plaintiff notice of hearing because hearing would not have changed fact that plaintiff's pleadings failed to allege facts waiving immunity). The trial court's judgment clearly reflects that it was based on the court's review of the pleadings on file rather than on any evidence or argument presented at the hearing. And Franks does not even contend on appeal that the trial court erred in granting the motion to dismiss on the ground that Judge Kirkendall enjoyed judicial immunity. The trial court's refusal to issue a bench warrant was not an abuse of discretion. We overrule Franks's second issue.

4

In his third issue, Franks contends that the trial court erred by failing to rule on his motion for new trial. Pursuant to the rules of civil procedure, however, Franks's motion for new trial was overruled by operation of law 75 days after the judgment was signed. *See* Tex. R. Civ. P. 329b(c). We overrule Franks's third issue.

## CONCLUSION

Having overruled Franks's three appellate issues, we affirm the trial court's judgment of dismissal.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed:   August 14, 2013