COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| BRYAN CURTIS ROCHA, | § | No. 08-11-00352-CR |
| Appellant, | § | Appeal from the |
| v. | § | 211th Judicial District Court |
| THE STATE OF TEXAS, | § | of Denton County, Texas |
| Appellee. | § | (TC# F-2010-0925-C) |
| | § | |

## O P I N I O N

Bryan Curtis Rocha appeals the trial court's judgment convicting him of two counts of aggravated sexual assault and sentencing him to consecutive terms of 25 years' imprisonment on each count. In a single issue, Rocha contends that the evidence is insufficient to support his conviction. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2010, Rocha was indicted on three counts of aggravated sexual assault and two counts of indecency with a child, but was tried on only two assault counts and one indecency count. As to these three counts, the indictment alleged that they occurred "on or about" June 1, 2007, June 15, 2007, and June 15, 2007, respectively.

At trial, the State acknowledged to the jury that none of its witnesses would be able to

pinpoint with exactitude the dates when the offenses occurred "because it's been too long." Neither the complainant, A.M., nor her mother, Crystal May, could remember if the offenses occurred in 2005, 2006, or 2007. Despite her efforts, Denton Police Detective Virginia Nichols was likewise unable to determine in which of these years A.M. was assaulted. Following the close of evidence, the trial court instructed the jury that "[t]he state is not required to prove the exact date alleged in the indictment but may prove the offense if any to have been committed at any time prior to April 29th, 2010." During closing arguments, both the State and Rocha reiterated that so long as the State proved that the offenses occurred before the date the indictment was presented, the State was not required to prove exactly when they occurred.

## SUFFCIENCY OF THE EVIDENCE

Rocha argues that there was a material, harmful variance between the dates of the offenses alleged in the indictment and the proof adduced at trial, which rendered the evidence insufficient to support his conviction. According to Rocha, he was surprised and misled by the variance, resulting in his conviction for offenses not presented to a grand jury and his inability to defend himself against those offenses.[1] We disagree.

### *Standard of Review*

In *Brooks v. State*, the Court of Criminal Appeals abandoned factual sufficiency review in those cases where the burden of proof is beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010)(finding no meaningful distinction between the legal and

---

[1] Rocha also argues that the variance between the dates is fatal to his conviction because "it was unreasonable for the jury to find [him] guilty beyond a reasonable doubt because the evidence proved it was impossible for [him] to have access, care, or custody of A.M. because she was in CPS foster care or living with her grandmother on the dates alleged." In support of this argument, Rocha directs our attention to evidence in the record that he claims establishes his alibi defense. But therein lies the rub. By focusing our attention on his defensive strategy to disprove the timeline of alleged events, Rocha has unwittingly undermined his contention on appeal that he did not know what to defend against because of the variance.

2

factual sufficiency standards and no justification for retaining both standards, therefore overruling the factual sufficiency review adopted in *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996)). The legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), is the only standard a reviewing court applies in determining whether the evidence is sufficient to support a conviction. *Brooks*, 323 S.W.3d at 894-95. Therefore, we will review the evidence under the *Jackson* legal sufficiency standard and determine whether the evidence is sufficient to support the challenged elements beyond a reasonable doubt. *See id.*, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789.

When reviewing the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the offense beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007), *quoting Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2788-89. Under a legal sufficiency review, we may not substitute our judgment for that of the jury, who is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the evidence. *Williams v. State*, 235 S.W.3d 742, 750 (Tex.Crim.App. 2007). We therefore defer to the jury's resolution of these issues and to its responsibility to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13, *citing Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2788-89. In resolving what the facts are and what reasonable inferences may be drawn from them, the jury may accept one version of the facts and reject another, and it may reject any part of a witness's testimony, even if uncontradicted. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000), *overruled on other grounds*, *Laster v. State*, 275 S.W.3d 512 (Tex.Crim.App. 2009); *Henderson v. State*, 29

3

S.W.3d 616, 623 (Tex.App.--Houston [1st Dist.] 2000, pet. ref'd).

*Applicable Law*

A "variance" occurs when there is a discrepancy between the allegations in the indictment and the proof presented at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex.Crim.App. 2001). In a case where a variance is raised, "the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the [indictment]." *Id*. Such a variance may render the evidence insufficient to sustain the conviction, but only if the variance is material. *Id*. at 247, 257. Under the materiality test adopted by the Court of Criminal Appeals in *Gollihar*, a variance between the wording of an indictment and the evidence presented at trial constitutes a "fatal variance" mandating reversal only if it is material and prejudices the defendant's substantial rights. *Id*. at 257. A variance between the indictment and the proof is material and prejudicial if the indictment, as written, fails to inform the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial and subjects the defendant to the risk of being prosecuted later for the same crime. *Id*.

*Discussion*

Contrary to Rocha's assertions, there is no fatal variance between the dates alleged in the indictment and proved at trial because the State is not required to prove the specific dates alleged in the indictment. The Court of Criminal Appeals has determined that unless time is a material element of an offense, as when a statute bans the sale of alcohol on a specific day or date, an indictment is not required to specify the precise date when a charged offense occurred, nor a window of time within which the offense must have occurred, in order to satisfy constitutional notice requirements. *See* TEX.PEN.CODE ANN. § 1.07(a)(22)(West Supp. 2012); *Garcia v. State*,

4

981 S.W.2d 683, 685-86 (Tex.Crim.App. 1998). When an indictment alleges that an offense occurred "on or about" a certain date, the State is not bound by the date alleged and may prove within the period covered by the applicable statute of limitations any offense of the character alleged. *See Sledge v. State*, 953 S.W.2d 253, 255-56 (Tex.Crim.App. 1997); *Thomas v. State*, 753 S.W.2d 688, 692 (Tex.Crim.App. 1988). However, the State is not required to prove the specific date the offense occurred when an "on or about" date is alleged within the indictment. *See Klein v. State*, 273 S.W.3d 297, 303 n.5 (Tex.Crim.App. 2008); *Wright v. State*, 28 S.W.3d 526, 532 (Tex.Crim.App. 2000), *cert. denied*, 531 U.S. 1128, 121 S.Ct. 885, 148 L.Ed.2d 793 (2001). The evidence need only prove the offense occurred within the statutory-limitation period applicable to the charged offense and on a date prior to the presentment of the indictment. *See* TEX.CODE CRIM.PROC.ANN. art. 21.02(6)(West 2009); *Klein*, 273 S.W.3d at 303; *Wright*, 28 S.W.3d at 532; *Garcia*, 981 S.W.2d at 685.

The evidence adduced at trial was sufficient to prove that the two sexual assault offenses for which Rocha was convicted occurred on dates anterior to the presentment of the indictment and within the statutory period of limitations then in effect. Testimony from both A.M., who was born January 7, 1999, and May established that they met Rocha in 2005 or 2006 and that during one hot summer in 2005, 2006, or 2007, all three moved from a mobile home to a storage unit. A.M. testified that Rocha sexually assaulted her on three separate occasions during that summer, once before moving and twice afterwards. Detective Nichols testified that although she could not determine during which summer in 2005, 2006, or 2007 the assaults occurred, she believed they occurred in 2007 based on information from "the interview [with A.M.'s sister and grandmother] and from later talking with . . . Rocha." When viewed in the light most favorable to the jury's

5

verdict, the evidence establishes that Rocha committed aggravated sexual assaults on or about June 1, 2007 and June 15, 2007, dates anterior to the presentment of the indictment on April 29, 2010 and within the then-statutory-limitation period of ten years from the victim's eighteenth birthday. *See* TEX.PEN.CODE ANN. § 22.021(e)(West Supp. 2012)(noting that aggravated sexual assault is a first-degree felony); Act of April 20, 2001, 77th Leg., R.S., ch. 12, § 1, art. 12.01, 2001 TEX.GEN.LAWS 20; amended by Act of June 17, 2001, 77th Leg., R.S., ch. 1479, § 1, art. 12.01, 2001 TEX.GEN.LAWS 5264; Act of June 17, 2001, 77th Leg., R.S., ch. 1482, § 1, art. 12.01, 2001 TEX.GEN.LAWS 5269, 5270; Act of June 18, 2003, 78th Leg. R.S., ch. 371, § 6, art. 12.01, 2003 TEX.GEN.LAWS 1584, 1586-87; Act of June 21, 2003, 78th Leg., R.S., ch. 1276, § 5.001, art. 12.01, 2003 TEX.GEN.LAWS 4158, 4171; *Klein*, 273 S.W.3d at 303 n.5; *Wright*, 28 S.W.3d at 532; *Garcia*, 981 S.W.2d at 685.

Even if there was a variance between the dates alleged in the indictment in this case and the facts proved at trial, the variance is not material and therefore does not warrant an acquittal. First, the alleged variance did, in no way, diminish Rocha's ability to prepare a defense. Although Rocha claims now on appeal that he was misled as to what he was called on to defend against, the record belies his assertion. Rocha defended himself with an alibi defense. He denied committing the offenses and maintained that he could not have done so on the dates alleged in the indictment because A.M. was either living in foster care or with her grandmother then. Rocha also defended himself by attacking A.M.'s credibility. He thoroughly cross-examined A.M. regarding apparent inconsistencies between her statements during the investigation and her trial testimony, insinuating that A.M. had been coached by the prosecution. In addition, he sought to show the jury through his cross-examination of A.M. that she was unable to remember when many

important events occurred in her life. These included the year she was sexually assaulted; how much time elapsed between events; what information she imparted to others; and what information was imparted to her regarding the assaults. Significantly, never once did Rocha claim in the trial court that the indictment failed to provide sufficient notice of when the acts of sexual assault occurred. There was, therefore, no surprise to Rocha as to the offenses he allegedly committed.

Second, the alleged variance now at issue does not subject Rocha to the risk of being prosecuted later for the same crimes. Here, the State brought forth every conceivable charge stemming from Rocha's contacts with A.M. Although Rocha claims the jury convicted him of offenses not brought before a grand jury, there is no evidence the testimony presented to the grand jury related to offenses other than those proved at trial. As admitted by the prosecutor during *voir dire*, in many sexual assault cases involving children, the State picks a date on which the acts occurred because the victims are unable to remember specifically when they were assaulted, but the State is nonetheless required to prove that the acts occurred. During opening statements, the prosecutor described the offenses alleged in the indictment and asked the jury to find Rocha guilty of those offenses. "The clear implication is that the offenses alleged in the indictment were the same as the offenses designated pre-trial and then later proven at trial." *Sledge*, 953 S.W.2d at 256. Based on the record before us, Rocha is in no danger of being prosecuted again for the same offenses that were proved at trial.

In the alternative, Rocha argues that the evidence is insufficient to support his conviction because there is no proof that he "committed any crime against A.M. on a date reasonably near those alleged when the hypothetical and constitutionally correct federal jury charge is used." According to Rocha, the charge should have included an instruction on "on or about" modeled on

7

the pattern jury charge promulgated by the U.S. Fifth Circuit.[2]  *See* FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (Criminal Cases) § 1.18 (2012).  We disagree.

As established above and as acknowledged by Rocha, Texas law is clear that the State is not required to allege a specific date in the indictment nor prove the date alleged in the indictment, so long as the date proved is anterior to presentment of the indictment and within the statutory period of limitations.  *See Klein*, 273 S.W.3d at 303 n.5; *Wright*, 28 S.W.3d at 532; *Garcia*, 981 S.W.2d at 685.  Nevertheless, Rocha asserts that Texas law is unconstitutional and "conflict[s] with firmly established federal precedents."[3]  Rocha cites several cases from lower federal courts in support of his assertion that when the State relies upon the "on or about" language in the indictment to prosecute a defendant, the Constitution requires the State to prove that the date of the alleged offense is reasonably near the date alleged in the indictment.  *See*, *e.g.*, *United States v. Ross*, 412 F.3d 771, 774-75 (7th Cir. 2005)(finding fatal variance where the indictment charged unlawful possession of a weapon in 2002 but the jury was instructed that it could convict if it found possession any time after 1998); *United States v. Tsinhnahijinnie*, 112 F.3d 988, 990, 991-92 (9th Cir.1997)(finding fatal variance where the indictment charged sexual abuse in 1992 but the

---

[2] The instruction reads:  "You will note that the indictment charges that the offense was committed on or about a specified date.  The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near _____ (repeat date), the date stated in the indictment."

[3] Rocha's argument in his original brief that Texas law is unconstitutional is found in one line and unaccompanied by reasoned analysis.  In his reply brief, Rocha expounds on his argument, characterizing it as an as-applied challenge and providing citation to authority and reasoned analysis in support of it.  Disregarding for the moment whether we can consider the new arguments raised by Rocha in his reply brief, Rocha waived his challenge to the constitutionality of the statute as applied to him by not alleging any constitutional violation in the trial court.  *See Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App. 1990)(holding even constitutional errors may be waived); *Karenev v. State*, 281 S.W.3d 428, 434 (Tex.Crim.App. 2009)(appellant may not raise for first time on appeal facial challenge to constitutionality of statute); *Curry v. State*, 910 S.W.2d 490, 496 (Tex.Crim.App. 1995)(appellant waived as-applied challenge by failing to object at trial).

evidence at trial addressed conduct in 1994).   However, we are not bound by lower federal court interpretations of a federal constitutional right.  *See Guzman v. State*, 85 S.W.3d 242, 249 n.24 (Tex.Crim.App. 2002)("[W]e are not required to follow lower federal court interpretations of a federal constitutional right . . . .").

Having concluded that the evidence is sufficient to support Rocha's convictions, we overrule Rocha's single issue on appeal.

**CONCLUSION**

The trial court's judgment is affirmed.


August 14, 2013
                                        YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

9