**Opinion issued February 7, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00369-CV

_____

**RENEE JACKSON, Appellant**

**V.**

**DR. BILLY PUCKETT, BILLY PUCKETT, D.D.S. D/B/A PEARLAND FAMILY DENTISTRY, GRISELDA AVILES, AND SYEDA SHAW, D.D.S., Appellees**

---

On Appeal from the 61st District Court
Harris County, Texas
Trial Court Case No. 2021-74149

---

## MEMORANDUM OPINION

Pro se appellant Renee Jackson appeals the dismissal of her dental malpractice action against appellees Dr. Billy Puckett, Billy Puckett, D.D.S. d/b/a Pearland Family Dentistry, Griselda Aviles, and Syeda Shaw, D.D.S. On appeal, Jackson

contends the trial court committed procedural errors that require rendition of judgment in her favor or, at minimum, reinstatement of her claims. We affirm.

## Background

On November 11, 2021, Jackson filed her original petition alleging that she received negligent dental treatment when Dr. Billy Puckett administered an injection that caused a "blunt trauma/hematoma" on her lip and then failed to "stitch [her] gums to prevent infection and dry socket." Appellees answered Jackson's lawsuit on December 13, 2021, generally denying the allegations against them.

Two days after appellees answered, Jackson moved for a default judgment on the ground that appellees' answer was not timely filed. Appellees responded that the trial court had no authority to enter a default judgment once an answer was on file. The trial court denied Jackson's motion.

Not long after the trial court refused to enter a default judgment, Jackson moved to recuse the presiding judge. Jackson asserted that she could not receive a "fair and impartial" adjudication of her claims because the presiding judge "ha[d] deliberately violated other litigant's personal liberties and/or . . . refused to provide due process and equal protection to . . . litigants in the past." Jackson also asserted in an unsworn "testimonial" that the trial proceedings were unfair because she did not have equal access to the case information and form documents available online.

2

The presiding judge declined to recuse herself and referred the motion to the regional presiding judge, who denied it.

Appellees ultimately moved to dismiss Jackson's lawsuit under Chapter 74 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §§ 74.001–.507. Appellees argued that Jackson's dental malpractice action was ripe for dismissal because it alleged health care liability claims subject to Chapter 74's procedural requirements and Jackson had failed to file the statutorily required expert reports. *See id.* §§ 74.351(a) ("In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed or a later date required under Section 74.353, serve on that party or the party's attorney one or more expert reports[.]"), 74.351(b) (allowing health care liability defendant to move for dismissal if expert report has not been served within statutory period). In response, Jackson pointed to photographs of her injury as evidence of appellees' negligence, but she did not provide any expert reports. The trial court granted appellee's motion and dismissed Jackson's lawsuit with prejudice.

Jackson moved unsuccessfully to reinstate her claims before filing this appeal of the trial court's final order.

## Issues on Appeal

Jackson's briefing on appeal fails to "state concisely all issues or points presented for review." TEX. R. APP. P. 38.1(f). In addition, Jackson's briefs do not

contain any "clear and concise argument" to support her contentions or "appropriate citations to authorities and to the record," as required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1(i). However, as our supreme court has instructed, "[w]e 'generally hesitate to turn away claims based on waiver or failure to preserve the issue[, and] we . . . construe briefing "reasonably, yet liberally, so that the right to appellate review is not lost by waiver."' 'Simply stated, appellate courts should reach the merits of an appeal whenever reasonably possible.'" *Weekley Homes, LLC, v. Paniagua*, 646 S.W.3d 821, 826–27 (Tex. 2022) (internal citations omitted).

Construing Jackson's briefing liberally, we understand her to be challenging the following rulings by the trial court:

1. The denial of her motion for default judgment;

2. The denial of her motion to recuse; and

3. The dismissal of her lawsuit under Chapter 74.

We address these issues in turn as necessary to the disposition of this appeal.

### Default Judgment

Jackson claims, without authority, that the trial court erred by failing to grant her a default judgment once appellees failed to answer "on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service [of her original petition]." *See* TEX. R. CIV. P. 99(b). We review the trial court's denial of a

4

motion for default judgment for an abuse of discretion.[1] *See Davis v. West*, 433 S.W.3d 101, 108 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). We conclude there is no abuse of discretion.

At any time after a defendant is required to answer, the plaintiff may take a default judgment if the defendant has not previously filed an answer, and the citation with the officer's return has been on file with the clerk for ten days. TEX. R. CIV. P. 107(h), 239. Here, the relief Jackson requested could not be granted because she did not move for a default judgment until two days *after* appellees filed their answer. Once an answer is on file, even if it is filed after the due date, the trial court may not render a no-answer default judgment. *See* TEX. R. CIV. P. 239; *see also Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989); *Davis*, 433 S.W.3d at 109; *Aguilar v. Alvarado*, 39 S.W.3d 244, 247–48 (Tex. App.—Waco 1999, pet. denied). By following the Texas Rules of Civil Procedure and well-settled case law, the trial court did not abuse its discretion. *Aguilar*, 39 S.W.3d at 248.

We overrule Jackson's first issue.

---

[1] Ordinarily, the denial of a default judgment is an interlocutory order not subject to appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014; *see also Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.). However, appellate courts have considered the denial of a default judgment when, as here, the denial is challenged in an appeal from a final judgment or order. *See, e.g.*, *Davis v. West*, 433 S.W.3d 101, 108 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *Aguilar*, 154 S.W.3d at 833; *Aguilar v. Alvarado*, 39 S.W.3d 244, 247–48 (Tex. App.—Waco 1999, pet. denied).

**Recusal**

Jackson next asserts error in the denial of her motion to recuse the presiding judge. We review the denial of Jackson's recusal motion for an abuse of discretion. *See* TEX. R. CIV. P. 18a(j)(1)(A) ("An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment."). We conclude there was no abuse of discretion here.

"To recuse a judge, a party must comply with the procedural requirements prescribed by Texas Rule of Civil Procedure 18a." *Rammah v. Abdeljaber*, 235 S.W.3d 269, 274 (Tex. App.—Dallas 2007, no pet.). One such requirement is that the recusal motion be verified. TEX. R. CIV. P. 18a(a)(1). Jackson's motion was not verified. Although she attached a statement labeled as a "testimonial" to her recusal motion, which set out her complaints about the presiding judge, the statement was not sworn. *See Verify*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("1. To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate. 2. To confirm or substantiate by oath or affidavit; to swear the truth of."). Because an unsworn motion to recuse does not comply with the procedural requirements of Rule 18a and is defective on its face, it was not an abuse of discretion to deny the motion. *See, e.g.*, *Sheldon v. Unknown Nurse/Staff of Trinity Mother Frances Hosp.*, No. 06-10-00097-CV, 2011 WL 1990645, at *2 n.3 (Tex. App.—Texarkana May 18, 2011, pet. denied) (mem. op.) (trial court did not abuse its discretion by denying

unsworn recusal motion); *Wirtz v. Mass. Mut. Life Ins. Co.*, 898 S.W.2d 414, 422–23 (Tex. App.—Amarillo 1995, no writ) (same); *see also Gill v. Tex. Dep't of Crim. Just.*, 3 S.W.3d 576, 579 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (movant waived right to complain of denial of recusal motion because he did not file verified motion).

We overrule Jackson's second issue.

## Chapter 74

Finally, Jackson complains about the dismissal of her claims under Chapter 74 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §§ 74.001–.507.

Chapter 74 provides a comprehensive statutory framework governing health care liability claims. *Randol Mill Pharmacy v. Miller*, 465 S.W.3d 612, 615 (Tex. 2015). It is intended to strike "a careful balance between eradicating frivolous [health care liability] claims and preserving meritorious ones." *Leland v. Brandal*, 257 S.W.3d 204, 208 (Tex. 2008). A key component of the statute's framework is its requirement that the plaintiff serve expert reports early in the litigation process for each "health care provider against whom a [health care] liability claim is asserted." TEX. CIV. PRAC. & REM. CODE § 74.351(a). Specifically, the statute requires service of expert reports "not later than the 120th day after the date each defendant's original answer is filed." *Id.* Failure to comply with this requirement

results in dismissal of the claim with prejudice upon the health care provider's motion. *Id.* § 74.351(b).

It is undisputed that Jackson's dental malpractice action asserts health care liability claims against appellees that are subject to Chapter 74's requirements. Jackson's claim that she suffered physical injuries during dental treatment when appellees negligently administered an injection and failed to "stitch [her] gums to prevent infection and dry socket" satisfies the statutory definition of a "health care liability claim" as "a cause of action against a health care provider . . . for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, . . . which proximately result[ed] in injury[.]"[2] *Id.* § 74.001(a)(13).

It is also undisputed that Jackson did not file any expert report within 120 days of appellees' answer, as required by Chapter 74. *See id.* § 74.351(a). Although she argues that her claims should not have been dismissed because she submitted photographs proving her injuries, such photographs are not a substitute for an expert report under Chapter 74. *See id.* §§ 74.351(r)(5) (defining "expert" to mean person

---

[2] Relevant here, a "health care provider" is "any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care, including . . . a dentist." TEX. CIV. PRAC. & REM. CODE § 74.001(a)(12)(A)(ii). Employees, independent contractors, and agents of health care providers who are acting within the scope of their employment or contractual relationship also qualify as health care providers. *Id.* § 74.001(a)(12)(B)(ii).

8

qualified to testify under certain statute- and rules-based requirements), 74.351(r)(6) (defining "expert report" to mean "a written report by an expert that provides a fair summary of the expert's opinions . . . regarding applicable standards of care, the manner in which the care rendered by the . . . health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed"). Accordingly, the trial court did not err when it dismissed Jackson's claims for failure to file an expert report.

We therefore also overrule Jackson's third issue.

## Conclusion

We affirm the trial court's judgment.

Terry Adams
Chief Justice

Panel consists of Chief Justice Terry Adams and Justices Kelly and Farris.

9